MARVIN R. OAKLEY, RESPONDENT, *v.* MARY A. TUGWELL
AND OTHERS, APPELLANTS.

*Fraudulent conveyance — a single action may be brought to set aside separate conveyances made to different persons — joint demurrer — will be overruled if the complaint be good as to any one of those joining in it.*

Where property has been transferred, by a number of conveyances, to different persons in pursuance of a common plan to defraud creditors of the grantor, and all the said transfers are in fact but parts of one and the same transaction, a single action to set aside all the conveyances as fraudulent may be brought against all the persons who participated in the fraud, although the several defendants set up and claim different interests in separate parcels of the premises conveyed.

A joint demurrer interposed to a complaint will be overruled if the complaint be good as to a part, though not as to all, of those demurring.

APPEAL from an interlocutory judgment overruling three demurrers interposed by the four parties defendant.

Three demurrers were interposed, each upon the grounds that the complaint did not state facts sufficient to constitute a cause of action, and that several causes of action had been improperly united in the complaint. Two of the defendants joined in one demurrer, the other two, Mary A. Tugwell and Robert H. Tugwell, demurred separately.

*John W. Alexander* and *Joseph F. Daly*, for the appellants.

*R. E. & A. J. Prime & Burns*, for the respondent.

BARNARD, P. J. :

The principal question in this case is whether a series of transfers of property to different persons, in pursuance of a common plan to defraud creditors, and being all parts of one and the same transaction, may be included in one action and judgment asked against the parties that the several conveyances be set aside. This question is affirmatively answered in *Martin* v. *Weil* (33 Barb., 30, and cases therein cited). The cause of action is the fraud, and that affects all the parties guilty of it, although the several defendants set up and claim different interests in the separate parcels acquired from the

fraudulent vendor. The claim of the plaintiff is against the whole property, and the right against all the parts of it are of one nature.

Whether Robert H. Tugwell is a necessary party or not, his joint demurrer, with a party as to whom the complaint is good, requires that the demurrer be overruled as to him. (*N. Y. and New Haven R. R. Co.* v. *Schuyler*, 17 N. Y., 592.)

The judgment should be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order overruling demurrer and judgment therein affirmed, with costs.