(28 Misc. Rep. 64.)

## DIXON v. COLEMAN et al.

(Supreme Court, Special Term, Oneida County. June, 1899.)

CREDITORS' SUITS—PLEADING—JOINDER OF CAUSES.

     In a creditors' suit, separate conveyances in fraud of creditors may be attacked by the same complaint, as they form one single cause of action.

Action by Franklin R. Dixon against Georgia M. Coleman and others. Demurrer to complaint. Overruled.

E. O. Worden, for plaintiff.

George S. Klock, for defendant Georgia M. Coleman.

Martin & Ives, for defendants Elon J. Coleman and others.

HISCOCK, J. Although defendants have demurred to plaintiff's complaint upon various grounds, the only ground upon which they really rely, as stated by them in their briefs, is that separate causes of action have been improperly united in one complaint. The action is one in the nature of a creditors' bill to set aside two conveyances made by the defendant Elon G. Coleman. The complaint, after alleging the recovery by plaintiff of judgment against said Coleman, etc., and the issue and return unsatisfied of execution upon said judgment, alleges, among other things, that, after the indebtedness covered by the judgment was contracted, the defendant Elon Coleman was the owner of two separate pieces of land and of certain personal property; that, after this action was commenced, said Coleman executed to the defendant, his wife, a conveyance of one of said pieces of land and of certain personal property; that on the same day he (his wife joining apparently to cut off her dower right) executed a conveyance of the other piece to the other defendant, his daughter; that said conveyances purported to be executed in consideration of certain sums therein respectively specified, but as a matter of fact they were executed, without consideration, for the purpose and "with the intent to hinder, delay, and defraud the just creditors of the said Elon G. Coleman of their lawful damages, debts, and demands, and particularly to so hinder, delay, and defraud the plaintiff herein, and in trust for the use of the defendant Elon G. Coleman," and "were a part of a collusive and fraudulent conspiracy to prevent the plaintiff from recovering his said dues of the said Elon G. Coleman, and to prevent the collection of the judgment hereinbefore set forth." I think the complaint alleges but one cause of action, namely, an attempt to hinder and delay the plaintiff, and to withdraw beyond the reach of his judgment the property of the defendant Elon G. Coleman, and that it is entirely proper in this action to attack both conveyances and all of the parties thereto. It is proper to attack and seek to set aside both conveyances in one action. The fraudulent disposition of the debtor's property, although by several conveyances, constitutes the cause of action, and is an entire cause of action, within the Code. The object of the action is single, viz. to reach the property of the debtor which is properly applicable to plaintiff's judgment. It is as proper and natural in such an action to join all parties claiming interest in and parts of that

property, though under fraudulent conveyances made at different times, and of different parcels, as it is, in the foreclosure of a mortgage, to join all parties claiming interest in the property affected, though by entirely distinct and separate conveyances. Loos v. Wilkinson, 110 N. Y. 195, 18 N. E. 99; Morton v. Weil, 33 Barb. 30; Reed v. Stryker, 12 Abb. Prac. 47; Oakley v. Tugwell, 33 Hun, 357. The demurrers to plaintiff's complaint are therefore overruled, with $30 costs, and the ordinary interlocutory judgment may be prepared and entered.

Demurrers overruled, with $30 costs.