WILLIAM F. HUNT v. JAMES M. DEAN and Others.[1]

December 11, 1903.

Nos. 13,622—(129).

**Fraudulent Conveyance—Venue.**

An action to set aside certain deeds of real property, situated in more than one county, as a fraud upon creditors, may be brought in either county under the provisions of G. S. 1894, § 5183.

**Party to Action to Set Aside.**

The person through whom the alleged fraudulent transaction was perpetrated, and who merely conveyed the land by a quitclaim deed, is not a necessary party defendant in such an action.

**Joinder of Causes.**

Such a cause of action may be united with one to have a certain transaction, whereby a debtor extends, enlarges, and adds to his statutory homestead, declared fraudulent and void as to a judgment creditor, and to subject the added land to the lien of the judgment.

Action in the district court for Ramsey county to vacate and set aside, as in fraud of creditors, certain conveyances of real estate. From an order, Jaggard, J., overruling a demurrer to the complaint, defendants appealed. Affirmed.

[1]Reported in 97 N. W. 574.

*C. D. & Thos. D. O'Brien,* for appellants.
*James E. Trask,* for respondent.

COLLINS, J.

The complaint in this action alleged the appointment of plaintiff as the receiver of an insolvent bank in June, 1900; that defendant Dean was a stockholder therein; that in proceedings to secure an order assessing stockholders of the bank under Laws 1899, p. 315 (c. 272) an assessment was made; that an action was then brought against Dean, and judgment duly recovered against him and entered in June, 1902, for $2,627.96, on account of such assessment; that prior to February 27, 1901, and while Dean was such stockholder, he was the owner of certain real property in Ramsey county, in this state, and also of certain other real property in Carver county; that on the day last aforesaid he and his wife, defendant Bridget M. Dean, by separate deeds conveyed this property and all of it to defendant Martin J. Kerwin; that on the same day Kerwin conveyed to the wife, Bridget, the real estate in Ramsey county by a quitclaim deed, and by another quitclaim deed conveyed to her the real estate in Carver county. These conveyances are alleged to have been made in fraud of the receiver, to have been made without consideration and with an intent to prevent the collection of the debt evidenced by the judgment.

It was also alleged that at the same time Dean owned a tract of land in Ramsey county containing about fifteen acres, which was his homestead; that he also owned about ten acres in another tract, separated from his homestead by a strip of land about two hundred feet in width; that on February 20, 1901, he purchased this strip, which contained about five acres, in his own name, and thereby made the three parcels one tract of about thirty acres; that this purchase was made for the express purpose of connecting the ten-acre tract to the original homestead, and with intent to defraud by making the entire tract of thirty acres his statutory homestead, and exempt from execution. The judgment prayed for was that the deeds of the real estate in both Ramsey and Carver counties from the Deans to Kerwin and from the latter to Mrs. Dean be set aside

91 M.—7

as fraudulent, and that the judgment be made a lien upon the land; and also that the five and ten acre tracts now claimed to be a part of the Dean homestead be subjected to the lien of the judgment.

.The foregoing facts are all alleged as one cause of action. Defendants demurred on two grounds: (1) That it appeared upon the face of the complaint that the court below had no jurisdiction of part of the subject-matter of the action; (2) that several causes of action were therein improperly united. The demurrer was overruled, and defendants appealed. The action of the court below must be sustained.

1. We assume that as to the first ground mentioned therein the demurrer was sufficient, although it was directed to a part only of the subject of the action, and failed to point out wherein, or as to what part, the court was without jurisdiction. But with this assumption the court below ruled correctly.

Prior to the enactment of Laws 1885, p. 211 (c. 169, § 2) no question could have been raised as to the jurisdiction of the district court held in either Ramsey county or Carver county to try this action. By that enactment (G. S. 1894, § 5183) it is provided that all actions for the recovery of real property, or of an estate or interest therein. shall be brought and tried in the county in which the subject of the action, or some part thereof, is situated; and, if the county designated in the complaint is not the proper one, the court therein is without jurisdiction. A part of the real property involved in this action is situated in Ramsey county and a part in Carver county. The district court of Ramsey county has jurisdiction of an action to determine the allegations of the complaint respecting a part of the land situated in that county, and therefore it has jurisdiction of the entire subject-matter of the action. The Deans are residents of Ramsey county, as appears from the complaint, and what was said in Smith v. Barr, 76 Minn. 513, 517, 79 N. W. 508, is directly in point here: "Inasmuch as the general rule is that actions must be brought and tried where the parties reside, and that they must be brought and tried where the subject-matter is situated is the exception to the rule, it has been frequently held that, to bring a case within the exception, the subject-matter must be wholly local; that is, exclusively within the exception."

2. The contention that several causes of action are improperly united is without merit. G. S. 1894, § 5260, provides that the plaintiff may unite several causes of action in the same complaint, whether legal or equitable, when they arise out of the same transaction or transactions connected with the same subject of action. The cause of action set out in the complaint is one to bring certain tracts of defendants' property, said to have been fraudulently conveyed, within reach of the judgment, and for the purpose of satisfying it; and also to bring a part of an alleged homestead within reach of the same judgment. The complaint here clearly indicates that the alleged fraudulent acts arose out of and relate to a single transaction. It is urged in support of this claim that plaintiff has joined several persons jointly liable on the alleged cause of action, the Deans, with one Kerwin, who is severally liable, and not otherwise. It is true that Kerwin had no part in the transaction whereby Dean's homestead was increased from fifteen to thirty-one acres, but from the complaint it does not appear that Kerwin, although possibly a proper party, is a necessary party defendant in this action. He was a mere conduit through which an alleged fraud upon creditors was perpetrated. He executed a quitclaim deed of the land which had been conveyed to him, and assumed no liability or responsibility by his acts. He will not be affected by a decree of this court setting aside the two deeds whereby title to the property was placed in Mrs. Dean.

The complaint is not open to the objections made by the demurrer, and the order appealed from is affirmed.