(52 Misc. Rep. 360)

WRIGHT v. SIMON et al.

(Supreme Court, Special Term. New York County. January, 1907.)

**1. ACTIONS—JOINDER OF CAUSES.**

A trustee in bankruptcy sued to set aside certain conveyances of a bankrupt as fraudulent, and alleged successive conveyances to different children and grandchildren of the bankrupt with intent to delay creditors, made during eight years, as a part of one fraudulent scheme. *Held* to state but one cause of action.

**2. BANKRUPTCY—ACTION BY TRUSTEE—PARTIES—MISJOINDER.**

A trustee in bankruptcy was appointed for two bankrupts individually, and for them also as copartners in a single proceeding. *Held,* that he held but one office, and in an action by him to set aside an alleged fraudulent conveyance by the bankrupts there was no misjoinder of parties plaintiff.

Action by Edmund Wright, trustee in bankruptcy of Michael Sampter and Arnold Sampter, against Jennie Simon and others. Demurrers to complaint overruled.

James, Schell & Elkus, for plaintiff.
Thomas & Oppenheimer, for defendants Cecile Sampter and others.
Max J. Kohler, for defendant Virginia Sampter.

DAVIS, J. There are two separate demurrers to the complaint in this action, one by the defendant Virginia Sampter and the other by the remaining defendants. The principal grounds of demurrer are misjoinder of parties plaintiff and improper joinder of causes of action. The plaintiff is designated in the complaint as trustee in bankruptcy of Michael Sampter and Arnold Sampter, individually and as copartners doing business under the firm name of M. Sampter, Sons & Co. The action is brought in equity to set aside certain transfers of property made by Michael Sampter, of the bankrupt firm of M. Sampter, Sons & Co., to the other defendants. The complaint alleges that in 1886 the defendants Michael Sampter and Arnold Sampter, with certain other persons not defendants here, were copartners in the wholesale busness of manufacturing clothing under the name of M. Sampter, Sons & Co. In October, 1886, this firm became the owner of certain leasehold property on the corner of Fourth street and Lafayette Place, New York City. This lease was recorded. On May 23, 1887, it assigned the lease to the defendant Michael Sampter; but this agreement was not recorded and was without consideration. The complaint further alleges that the old firm of M. Sampter, Sons & Co. was succeeded by a new firm with the same name as the old one, but composed of the defendants Michael Sampter and Arnold Sampter alone, and that this latter firm succeeded to all right, title, and property of the old copartnership, and assumed all of its obligations. On November 10, 1896, Michael Sampter assigned this leasehold to his daughter, the defendant Jennie Simon, without consideration. This instrument was never recorded. At all times prior and subsequent to the date of this assignment Michael Sampter had possession of the leasehold, paid the rent, and collected rent from the tenants; but during all of this time the firm of M. Sampter, Sons & Co. claimed to own the leasehold.

The complaint then alleges that all of this was done with the full knowledge and consent of defendant Jennie Simon at all times. The complaint goes on to allege that this same defendant Michael Sampter, in 1896, being the owner of No. 12 West 131st street, transferred these premises to the defendant Jennie Simon, without consideration, retaining control and possession of the deed and of the premises themselves, and claiming to be the owner thereof, paying taxes, interest on mortgages, and the cost of insurance; that after the defendants Michael Sampter and Arnold Sampter were adjudicated bankrupts Jennie Simon recorded this deed and thereafter claimed to be the owner of said premises; that all this was done with the knowledge and consent of defendant Jennie Simon. Under similar circumstances Michael Sampter, in November, 1896, conveyed premises No. 4 West 131st street to his daughter-in-law, the defendant Cecile Sampter. In like manner, on December 18, 1897, he conveyed No. 6 West 131st street to the same defendant. These deeds were not recorded until November 4, 1904. The defendants Michael Sampter and Arnold Sampter, after the making of the deeds, continued to claim ownership in these premises, with full knowledge and consent of the defendant' Cecile Sampter. Under similar circumstances, in May, 1901, Michael Sampter conveyed to his daughter-in-law, the defendant Virginia Sampter, No. 8 West 131st street. This deed was not recorded until November, 1904, and prior thereto, and after the conveyances to Virginia Sampter, Michael Sampter claimed to be the owner, all with the knowledge and consent of Virginia Sampter. Various other conveyances by Michael Sampter, including one to Jennie Simon by a corporation owned and controlled by Michael Sampter, were made without consideration to other defendants, children and grandchildren of Michael Sampter; the deeds not being recorded until after the adjudication in bankruptcy. The complaint then proceeds to allege that during all this period from 1886 to 1904 the defendants Michael and Arnold Sampter were obtaining credit for their copartnership business upon the representation that they or one of them owned all of this real estate; that each of these conveyances was made with the intent to hinder, delay, and defraud creditors of the defendants Michael Sampter and Arnold Sampter, and of the firm of M. Sampter, Sons & Co. as part of one fraudulent scheme, and that the various grantees received their respective deeds and assignments upon an understanding with Michael Sampter that they would hold the property for his use and benefit, with the intent and purpose of defrauding the creditors of Michael Sampter and Arnold Sampter and of the firm of M. Sampter, Sons & Co.

We have here set forth the statement of one fraudulent scheme, in which each of the defendants is alleged to have participated, and each defendant is alleged to have acted with the same intent to defraud the Sampter creditors. It is true some of the defendants appear to have come into the conspiracy later than others, but this fact places them in no different position from that occupied by the others. In contemplation of law they are deemed to have approved all that was done in furtherance of the common scheme by others before they took part in it, and are chargeable with the acts of each of the others done in fur-

therance of the common design thereafter. In view of these considerations, I conclude that this complaint states a cause of action and only one cause of action.

The demurrants also claim that there is a misjoinder of parties plaintiff in that the plaintiff sues as trustee in bankruptcy of Michael Sampter and Arnold Sampter, individually and as copartners. They urge that the plaintiff holds two separate offices, one as trustee of the individuals and one as trustee of the partnership, and that, therefore, the action is brought by two individuals, who may not be joined as parties plaintiff. It appears that this trustee was appointed in a single proceeding and by one adjudication. He thus acquired title to the property of the individuals and of the partnership. When this property is converted into money it constitutes a single fund, which, under the bankruptcy law, is distributed among creditors by the court according to well-known rules. In aid of this distribution the trustee is to keep accounts showing the source of the assets, whether from firm property or from individual property. In performing these functions he acts as a single trustee in bankruptcy, with two general sources from which to collect assets. It follows, therefore, that only one trusteeship was created by these proceedings in bankruptcy, and that there is not a misjoinder of parties plaintiff in this action. The demurrers are overruled, with costs, with leave to each defendant to answer within 10 days after service of notice of entry of interlocutory judgment.

Demurrers overruled, with costs, with leave to each defendant to answer within 10 days after service of notice of entry of interlocutory judgment.