## HOBBS MFG. CO. v. GOODING et al.

(Circuit Court, D. Massachusetts. January 27, 1909.)

### No. 448.

EQUITY (§ 150*)—PLEADING—MULTIFARIOUSNESS OF BILL.

A bill by a judgment creditor to set aside as fraudulent several conveyances of different property by several judgment debtors to different grantees is bad for multifariousness, although the judgments were entered in the same case.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 377; Dec. Dig. § 150.*]

In Equity.

Edward S. Beach, for complainant.

Elder & Whitman, C. F. Weed, A. H. Weed, Wm. A. Macleod, Raymond T. Parke, and Charles Warren, for defendants.

LOWELL, Circuit Judge. The complainant brought a bill in equity under the circumstances described in the opinion of the Circuit Court handed down June 1, 1908. 164 Fed. 91. Some of the defendants have moved to dismiss the bill and have demurred thereto, either or both, and these motions and demurrers are now before the court.

The marshal's return upon the execution issued under the first bill is objected to by the demurrers and motions to dismiss as not showing that the complainant's remedies in the earlier case had been exhausted. As the form of the return upon this execution is necessarily alleged in the second bill, the objection is raised more properly by demurrer than by motion to dismiss. Some of the demurrers and motions have been filed by parties who have thus far entered only a special appearance for the purpose of objecting to the jurisdiction. If the demurrers of these parties are now to be considered, a general appearance is necessary; but, as this is a formal requirement, the court will assume that the demurrers filed are intended to contain general appearances by implication. In my opinion, as expressed at the argument, the complainant would have done well to procure the amendment of the return, or to allege the value of the shares seized; but this course has not been followed. For the purposes of this proceeding the return is imperfect, but, as I think, not insufficient. Two shares of stock cannot be supposed to have a value of many thousand dollars. If I am wrong, and at some later stage the return shall be deemed insufficient, the complainant has been warned, and hereafter can expect no leave to amend.

The Cushman Paper Bag Company, one of the defendants, asks for the dismissal of the bill as against itself, because it has not been properly served. No reference to this matter is found in its brief, and I suppose that the service, if originally imperfect, has now been cured.

The defendants have also demurred upon the ground of multifariousness, inasmuch as the complainant has joined in one bill proceedings to set aside several fraudulent conveyances of several pieces of land or other property made to several persons by several judgment debtors. The bill sets out a decree and execution obtained under the first bill against the defendants Glazier and Metcalf for $11,895.65, and against the defendants Taylor, Metcalf, Glazier, and Gooding for $3,721.60. Each of these defendants is alleged to have made fraudulent conveyances of his property to other defendants. It has been held that a judgment creditor may join in one bill proceedings to set aside independent conveyances made to different persons by the same judgment debtor. But no case is cited in which a complainant has been permitted to join in one bill proceedings to set aside conveyances by different debtors, although the judgments were entered in the same case. In Harrison v. Hallum, 5 Cold. (Tenn.) 525, the facts are stated so imperfectly that the point actually decided cannot be clearly dis-

cerned. "The principle of multifariousness is one very largely of convenience." U. S. v. Telephone Co., 128 U. S. 352, 9 Sup. Ct. 91, 32 L. Ed. 450. In the case at bar, if the complainant were permitted to unite in this one bill proceedings to set aside all the conveyances mentioned therein, I am of opinion that confusion and hardship would ensue, and I therefore hold the bill bad for multifariousness.

Demurrers sustained; bill to be dismissed.