Johnson, J.
The judgments of the courts below were based on the view that a proceeding under Sections 6343 and 6344, Revised Statutes, to set aside a deed for fraud and secure the relief provided by those sections, must be brought in the county where a defendant resides or may be summoned, and that such an action is not one of those mentioned in Section 5019, Revised Statutes, which must be brought in the county in which the subject of the action is situated.
The causes so enumerated in that section are:
1. For the recovery of real property, or of an estate or interest therein.
2. For the partition of real property.
*203 3. For the sale of real property under a mortgage, lien or other incumbrance or charge.
After providing in the succeeding sections for some exceptions, none of which affect the question made here, it is enacted in Section 5028, that every other action must be brought in the county in which a defendant resides or may be summoned, except actions against an executor, etc.
This cause is not one of those mentioned in paragraphs 2 and 3 of Section 5019 for the partition of real property or for the sale of real property under a mortgage lien or other incumbrance or charge. The lien or other incumbrance or charge referred to is manifestly one that exists before the commencement of the action.
Therefore, the inquiry is, is it an action for the recovery of real property or of an estate or interest therein ? The proceeding referred to in that clause is not merely the law action of ejectment or forcible detainer, etc., but any action, legal or equitable, to fix an estate or interest in real estate. In Owens v. Hall, 13 Ohio St., 571, it was held that an action for specific performance of a contract for the sale of real estate may be brought either in the county where the land lies or in that where one of the defendants resides, and this because Section 5021, Revised Statutes, provides (as a special exception to Section 5019) that such action may be brought in the county where the defendants or any one of them resides.
Section 6343 provides: “Every sale, conveyance, transfer * * * in contemplation of insolvency and with a design to prefer one or more creditors to the exclusion in whole or in part of others, and *204 every sale, conveyance, transfer * * * with intent to hinder, delay or defraud creditors, shall be declared void as to creditors of such debtor at the suit of any' creditor, and in any suit brought by any creditor or creditors of such debtor for the purpose of declaring ' such sale void, a receiver may be appointed who shall take charge,” etc., and further provides that the receiver shall administer the property for the equal benefit of the creditors including, those whose demands are unmatured.
The original act from which this Section 6343, Revised Statutes, is taken was passed April 6, 1859, and provided that after such transfer had been declared void by a court of competent jurisdiction the probate court of the proper county should, on application of any creditor, appoint an assignee who should proceed by due course of law to recover possession of all property so conveyed, and administer the same as in other cases of assignments for the benefit of creditors, and provided that the creditor instituting the suit should cause notice of the same to be published for four weeks, and that all creditors who should come into the action and secure a pro rata share of costs and expenses should be first entitled with the plaintiff to the benefits of such transfer. From time to time in the light of experience and to more effectively and directly accomplish its object, the legislature has amended the law. As in existence at the time of the beginning of this suit, it provided a more direct method of accomplishing its purposes than was provided in its earlier form. After the action has progressed to the point at which the court has declared the transfer to be void as to *205 creditors, the same court then proceeds to appoint a receiver to take possession of the property and administer it in the manner and for the purposes defined. Under the act as it formerly stood, it might with some- force be claimed that the proceeding was preliminary, to the suit which was to be brought by the trustee, to be appointed by either of the courts in the manners provided, although even there the purpose was to secure and administer the property for the creditors under the law which provided that the fraudulent deed inured to the creditors’ benefit. But the statute as it stood at the beginning of this suit provided a method by which the property should be recovered in the pending case, and it would seem to be a proceeding in rem for the recovery of the real property for the benefit of the creditors of the grantor. The • direction of the statute is, that the transfer shall be declared to be void. So that the title to the real estate is directly, and not incidentally involved. The purpose of the plaintiff, it is true, is to secure the payment of his debt, but the setting aside of the fraudulent conveyance and the decree of the court that the conveyance is void, is the first and a necessary step. That having been accomplished in due process of law, the court itself lays hold of the property. In Acker et al. v. Leland et al., 96 N. Y., 383, it is held that an action brought to spt aside an assignment for the benefit of creditors on the ground that it was made to hinder, delay and defraud the assignor’s creditors, where the assigned property consists in part of real estate, «situate in the state, is a local action, and must be tried in the county *206 where the real estate, or some portion thereof, is situated. The section of the New York code which applied in that case was similar to Section 5019, Revised Statutes of Ohio, and the court held that it was a proceeding affecting an estate in real property such as was required by that section to be brought in the county where the land is situated. In Hunt v. Dean, 91 Minn., 96, there was a proceeding to set aside certain deeds of real estate as a fraud upon creditors. In referring to the statute involved in that case, it is said: “By the enactment of Section 5183, it is provided that all actions for the recovery of real property, or of an estate or interest therein, shall be brought and tried in the county in which the subject of the action, or some part thereof, is situated.” And the court held in the syllabus: “An action to set aside certain deeds of real property situated in more than one county as a fraud upon creditors may be brought in either county under the provisions of Section 5183.” The same propositions are laid down in Moore on Fraudulent Conveyances, page 881, Vol. 2, and in 20 Cyc., 710. The case of Butler et al. v. Birkey et al., 13 Ohio St., 514, relied on by the defendant in error, was a creditor’s bill, filed under Section 458 of the Code, now Section 5464, Revised Statutes, by a judgment creditor. The suit was brought before the passage of the act, April, 1859, which is now Section 6343. No landed interests were sought to be charged in that case, nor was any action of the court asked in relation to any interests in lands. It was a proceeding in personam to determine equities in personal property. The court, in the *207 opinion, declares that it does not decide the question of venue in a case where landed interests are sought to be charged, although the judge writing the opinion expressed his own views upon that subject as to a creditor’s bill under Section 458 aforesaid. It would seem to be clear that to get the full benefit of this statute, which is essentially remedial in its character and should be liberally construed to accomplish its object, the creditor should have the right to bring the suit in the county where the land lies. If compelled to go to other counties, because the defendants did not reside or could not be served in the county where the land lies, the creditor would not be protected against a further conveyance to a bona fide buyer for the suit in the other county would not be notice. Rules concerning constructive notice by Us pendens have always been regarded by the courts as hardships in their application to bona fide purchasers for value. Section 5052, Revised Statutes, provides when summons has been served, or publication made, the action is. pending so as to charge third persons with notice of its pendency, and while pending no interest can be charged by third persons in the subject-matter as against the plaintiff’s title, but that section relates only to the 'subject-matter which is within the jurisdiction of the court, and it was held in Benton et al. v. Shafer, 47 Ohio St., 127, that a mortgagee of real property, not part of an entire tract, situate in more than one county will not be charged with constructive notice of an action for the recovery of such property pending in a county other than that in which the property is situated. The object of *208 the legislature in the passage of the original act in 1859 (and of the amendments which have since been passed), was to assist creditors to defeat the fraudulent schemes and devices of dishonest debtors, and to furnish a speedy and effective mode of accomplishing this end. It is not necessary that the creditor should first reduce his claim to judgment which ivas necessary before the act was passed. It is not necessary even that his claim should be a matured claim. The ends of justice require that the court should not put such a narrow construction on the legislation touching this subject, as will tend to defeat the object sought to be accomplished. The proceeding is a statutory one. It is not equitable to force the defendant to do some particular act enjoined upon him by a court of equity, but it immediately affects the property itself. We think that the proceeding authorized by Sections 6343 and 6344 is one for the recovery of real property, or of an estate or interest therein, and when the petition describes real estate situated entirely in one county and no other property is described in the petition as having been fraudulently conveyed, the action should be brought in the county where the land is situated.
For these reasons we think the motion to quash should have been overruled, and the judgments below will be reversed and the cause remanded for further proceedings according to law.

Judgments reversed.

Shauck, Donahue and O’Hara, JJ., concur.