(102 So. 699)

### HUBBARD et al. v. WHITE. (6 Div. 70.)

(Supreme Court of Alabama. Jan. 22, 1925.)

**I. Equity &#9750;148(3)—Bill for satisfaction of judgment against decedent's estate held not multifarious.**

Bill by judgment creditor of decedent to subject assets of estate to satisfaction of his judgment, praying for discovery of assets and of claims of mortgagees and purchasers and for setting aside of foreclosure sale, cancellation of conveyance by widow and son, and for an accounting by mortgagee, etc., *held* not multifarious, since subsidiary prayers were relevant to primary purpose, it being immaterial that different parties were separately interested in different portions of estate.

**2. Equity &#9750;108—Decedent's heirs at law held properly joined in bill for satisfaction of judgment out of assets of estate, and for incidental relief.**

Decedent's heirs at law were properly joined as parties in bill filed by judgment creditor to secure a satisfaction of his judgment by subjecting assets of estate thereto and for relief incidental thereto by way of discovery, accounting, etc.

Appeal from Circuit Court, Tuscaloosa County; T. B. Ward, Judge.

Bill in equity by C. P. White against Ada Hubbard, as administratrix of the estate of R. H. Hubbard, deceased, and others, for satisfaction of a judgment against the estate, etc. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

Foster, Rice & Foster, of Tuscaloosa, for appellants.

The bill is multifarious and there is a misjoinder of parties. Sims, Ch. Proc. p. 145, § 236; Green & Gay v. Wright, Williams & Wadley, 160 Ala. 476, 49 So. 320.

P. B. Traweek, of Elba, for appellee.

The bill is not multifarious for joining as defendants several parties having separate interests as to separate portions of the estate property; it is not necessary that all the parties have an interest in all the matters in controversy. Baker v. Mitchell, 109 Ala. 490, 20 So. 40; Tygh v. Dola, 95 Ala. 269, 10 So. 837; McKeithen v. Rich, 204 Ala. 588, 86 So. 377; Dent v. Foy, 204 Ala. 404, 85 So. 709; Truss v. Miller, 116 Ala. 494, 22 So. 863; Mitchell v. Cudd, 196 Ala. 162, 71 So. 660; Rucker v. Tenn. Co., 176 Ala. 456, 58 So. 465; Hinson v. Naugher, 207 Ala. 592, 93 So. 560; Wilson v. First Nat. Bank, 209 Ala. 70, 95 So. 340; Tallassee Oil & Fertz. Co. v. Royal, 209 Ala. 439, 96 So. 620; Rensford v. Magnus, 150 Ala. 288, 43 So. 853; Elliott v. Kyle, 176 Ala. 167, 57 So. 752; Handley v. Heflin, 84 Ala. 600, 4 So. 725; Collins v. Stix, 96 Ala. 338, 11 So. 380.

SOMERVILLE, J. The bill of complaint is filed by a judgment creditor of R. H. Hubbard, deceased, to remove the administration of his estate from the probate court into the chancery court, and to secure a satisfaction of complainant's judgment by subjecting the assets of the estate thereto. The parties respondent are Ada Hubbard, widow and administratrix of the decedent, several heirs of the decedent, and C. B. Verner and Fleetwood Rice, alleged to be mortgagees or purchasers of certain real and personal property, by conveyances from the decedent in his lifetime, and from the said widow and her son, N. H. Hubbard, individually, pending the administration.

By way of ancillary relief, the bill prays for discovery of assets by the administratrix, and of the claims of said mortgagees and purchasers with respect to the property conveyed to them; for the setting aside of a foreclosure sale under one of the mortgages; for the cancellation and avoid-

ance of. the conveyances by the widow and her said son; for an accounting by said mortgagees for rents and .profits; and for ascertainment of the mortgage indebtedness, and for redemption, contingently.

The bill charges improvidence and devastation of the assets by the administratrix, and contains allegations appropriate as bases for its several purposes.

A demurrer was interposed to the bill by each of the respondents, on numerous grounds, based upon a want of equity, misjoinder of parties, and multifariousness. The trial court, acting on a separate petition, ordered the removal of the administration into the chancery court, and thereafter overruled the demurrer to the bill. The only grounds of the demurrer insisted upon on this appeal are the misjoinder of the parties, Rice and Verner, and the multifariousness of the bill with respect to its subject-matter, and to the several aspects of relief sought against the several respondents.

[1] The primary and essential purpose of the bill is the satisfaction of complainant's judgment out of assets of the estate of the debtor. All of its subsidiary prayers are relevant and servient to that single purpose. This is the unity that avoids the vice of multifariousness, and it does not matter that different respondents are separately interested in distinct portions of the estate. Mitchell v. Cudd, 196 Ala. 162, 71 So. 660; Ellis v. Vandegrift, 173 Ala. 142 (4, 5), 55 So. 781; Truss v. Miller, 116 Ala. 494 (3), 22 So. 863; Baker v. Mitchell, 109 Ala. 490, 20 So. 40.

In Handley v.. Heflin, 84 Ala. 600, 4 So. 725, it was held' that several alleged fraudulent grantees or donees of a deceased debtor may be joined as defendants to an ordinary creditor's bill, although they claim different parts of the property under separate gifts or conveyances; and that the personal representative may also be joined, although he is not a necessary party. As said in Wilson v. First National Bank, 209 Ala. 70, 95 So. 340:

"This does not render the bill multifarious. Its purpose is single, and its design is to collect a debt out of property of the debtor. They all [the reliefs sought] look to complainant's right to pursue the property of the judgment debtor, for the purpose of subjecting it to the satisfaction of the judgment debt."

An extensive review of the authorities on this subject will be found in the opinion of Thomas, J., in Webb v. Butler, 192 Ala. 287, 68 So. 369, Ann. Cas. 1916D, 815.

So, also, it has been held that the administrator may be sued individually and as personal representative, in a creditor's bill. Rensford v. Magnus, 150 Ala. 288, 43 So. 853.

[2] The heirs at law of the decedent, being directly interested in the assets of the estate, are proper parties, at least.

We think that, under our numerous adjudged cases on this subject, the bill before us cannot be deemed multifarious, and that, for the reasons stated, there is no misjoinder of parties.

It results that the demurrer was properly overruled, and the decree of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.