SANDER, APPELLANT, *v.* DOODY ET AL., RESPONDENTS.

(No. 7,991.)

(Submitted January 24, 1940.   Decided February 17, 1940.)

[99 Pac. (2d) 225.]

*Mr. F. W. Mettler,* for Appellant, submitted a brief and argued the cause orally.

*Mr. A. G. McNaught,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by plaintiff from a judgment of dismissal entered for his failure to file an amended complaint after defendants' motion to separately state and number the causes of action was sustained. The legal question presented is whether the complaint states more than one cause of action.

Summarized, the complaint, which was filed in February, 1938, sets forth that plaintiff on January 29, 1937, obtained a judgment in the district court of Musselshell county against defendants Pat Doody, P. R. Staunton and Jack Jarrett in the sum of

$1,150, with costs and interest, which is wholly unpaid and which has become final. A certified transcript of the judgment was filed in Yellowstone county on July 28, 1937. Execution was issued on the judgment and returned as wholly unsatisfied and unpaid. The three named defendants were partners and business associates at the time the judgment was obtained. The complaint alleges that each of the three judgment debtors at different times had fraudulently transferred certain described property without consideration to a different grantee or grantees for the purpose of hindering, delaying and defrauding plaintiff in the matter of obtaining satisfaction and payment of his judgment. Each transfer complained of was made to one or more of the other defendants herein.

Without reiterating all of the details with reference to the transfers, it is sufficient to state that the transfers covered property situated in Musselshell and Yellowstone counties, were made at different times, some before and some after the judgment was obtained; each tract of land or piece of property involved was the separate property of only one of the judgment debtors and was conveyed to a different grantee. The complaint also seeks to have applied on plaintiff's judgment the sum of $669.01, alleged to be in the possession of Pat Doody, Mary B. Doody and A. G. McNaught.

The motion to separately state and number proceeded upon the theory that each transfer constituted a separate and distinct cause of action, and, in consequence, must be separately stated and numbered pursuant to section 9130, Revised Codes. Plaintiff contends that he has but one cause of action. Obviously, if there is but one cause of action, a motion to separately state and number would not lie. Hence we must determine whether the complaint states more than one cause of action. Whether it does or not depends upon whether there has been an invasion of more than one primary right. (*McLean* v. *Dickson*, 58 Mont. 203, 190 Pac. 924; *Cohen* v. *Clark*, 44 Mont. 151, 119 Pac. 775.)

The term "cause of action" is not easily defined; it is often confounded with the remedy. In the case of *California Trust*

*Co.* v. *Cohn,* 214 Cal. 619, 7 Pac. (2d) 297, the difference between the cause of action and the remedy is pointed out. Pomeroy's Remedies and Remedial Rights, second edition, in sections 452 et seq., explains the difference between them. He gives illustrations showing that a multiplicity of remedies does not mean that there is more than one cause of action. He then makes this statement: "The principle also applies to actions brought against a fraudulent grantor or assignor and his grantees or assignees to set aside the transfers, although made at different times and to different persons, and to subject the property to the plaintiff's liens, as in creditors' suits; or to compel a reconveyance and restoration of possession of the property, as in the case of suits by defrauded heirs or *cestuis que trustent,* and the like. There is but one cause of action against the various defendants in these and similar suits."

That this rule is general there can be no doubt. Among the cases so holding directly are the following: *Gwillim* v. *Asher,* 71 Colo. 143, 204 Pac. 609; *Hoggan* v. *Price River Irr. Co.,* 55 Utah, 170, 184 Pac. 536; *Dixon* v. *Coleman,* 28 Misc. 64, 59 N. Y. Supp. 806; *Jacot* v. *Boyle,* 18 How. Pr. (N. Y.) 106; *Wright* v. *Simon,* 52 Misc. 360, 102 N. Y. Supp. 1108; *North & Carle* v. *Bradway,* 9 Minn. 183, 9 Gil. 169. And the fact that some property is in one county and some in another does not alter the rule. (*Jacot* v. *Boyle,* supra; *Hunt* v. *Dean,* 91 Minn. 96, 97 N. W. 574; *Minor* v. *Sumner,* 80 Ind. App. 269, 140 N. E. 580.)

The authorities are practically unanimous in holding that an ▮ action in the nature of a creditor's bill against an alleged fraudulent grantor and his fraudulent grantees to set aside different deeds covering separate property, made at different times and to different grantees, is not multifarious. (15 C. J. 1424; *Tucker* v. *Foster,* 154 Va. 182, 152 S. E. 376, 69 A. L. R. 220, and authorities cited in exhaustive note on page 229 et seq.; and note in 108 A. L. R. 699; *Hubbard* v. *White,* 212 Ala. 394, 102 So. 699.)

We recognize a difference between multifariousness and the question before us. In other words, whether a complaint is multifarious or not depends upon whether two or more causes

124

of action are improperly united.  They may not be improperly united, hence not multifarious, even though there are several causes of action.

Here the question is: Is there more than one cause of action alleged?  If there were but one judgment debtor involved, the case would present but little difficulty.  The above cases which are unanswerable in logic and practically without a dissenting voice, would settle the question in favor of the contention that there is but one cause of action.  The case here is further complicated, however, by the fact that there are three judgment debtors, and each has made transfers of his separate property to different grantees.  However, the same reasoning that holds there is but one cause of action in the case of several transfers by one judgment debtor supports the conclusion that there is but one cause of action in the case of two or more joint debtors transferring their separate property.

In *Beavans* v. *Groff*, 211 Ind. 85, 5 N. E. (2d) 514, 516, 108 A. L. R. 694, the court speaking of these actions said that while they ''are of the type generally denominated actions to set aside fraudulent conveyances, that is not their purpose, nor do they result in setting aside the conveyances.  The conveyances continue valid as between the grantor and grantee, and the only effect of the judgment is to subject the property to execution as though it were still in the name of the grantor.  Such actions are in the nature of a judgment creditor's bill.  (*Towns et al.* v. *Smith et al.,* (1888) 115 Ind. 480, 16 N. E. 811; *Wild* v. *Noblesville Building etc. Association et al.,* (1899) 153 Ind. 5, 6, 53 N. E. 944, 945.)  They have for their sole purpose the removal of obstacles which prevent the enforcement of the judgment by the executive officers of the state through the levy of execution. 'A judgment creditor's bill is in essence an equitable execution comparable to proceedings supplementary to execution.' (*Pierce et al.* v. *United States,* (1921) 255 U. S. 398, 401, 402, 41 Sup. Ct. 365, 366, 65 L. Ed. 697, 702.)  While the action may involve a conveyance said to be fraudulent, the recovery is not for the wrong or tort.  It is not in damages.  The same relief may be had where property of the judgment debtor is held by a trustee

in his own name, and when there has been no conveyance. The right to have the property subjected to execution does not depend upon the fraud. The relief will be granted in any case where property of the judgment debtor is held in the name of another.''

In *Bradner* v. *Holland*, 33 Hun (N. Y.), 288, plaintiffs had a judgment against Joseph and John Holland. Each of the Hollands was bequeathed a legacy of $4,000. Plaintiffs brought the action to have the property of the two judgment debtors applied to the payment of the judgment. The court in holding that there was not a misjoinder of causes of action said: ''The plaintiffs have a judgment against the defendants Holland. The remedy at law has been exhausted by return of execution unsatisfied. This action is in the nature of a creditor's bill brought to reach the property of those judgment debtors not subject to levy and sale by execution. It is at least proper to join all the judgment debtors as defendants. (*Child* v. *Brace* [N. Y.], 4 Paige, 309; *Van Cleef* v. *Sickels* [N. Y.], 5 [Paige] 505.) The fact that the property sought by the action to be reached is owned by the judgment debtors in severalty is no ground of objection. The judgment is against both defendants, and the purpose of the action is to discover and reach their property to apply in payment of the judgment. It is in nowise important for the purposes of the action whether they own the property jointly or severally. The plaintiffs are in pursuit of the property of the defendants, the judgment debtors. The remedy in view is an equitable and not an unusual one. The old Code (sec. 167) did not, nor has the new Code (sec. 484) in any substantial respect changed the rule in this class of actions as relates to the parties and the scope of the cause of action. And the provisions of those sections are so general 'as to justify the interpretations which shall be found most convenient and best calculated to promote the ends of justice.' (*N. Y. & N. H. R. Co.* v. *Schuyler*, 17 N. Y. [592], 604.) And distinct rights of property of each of two or more defendants may be pursued by single action against both or all in behalf of creditors to whom they are jointly liable and so charged by judgment, for the pur-

pose of obtaining satisfaction of it. This rule is deemed a just and proper one to save necessity of multiplicity of suits.''

In the case of *Hobbs Mfg. Co.* v. *Gooding,* (C. C.) 166 Fed. 933, it was expressly held that a bill by a judgment creditor to set aside as fraudulent several conveyances of different property by several judgment debtors to different grantees is bad for multifariousness. The case was reversed by the Circuit Court of Appeals in *Hobbs Mfg. Co.* v. *Gooding,* (1st Cir.) 176 Fed. 259, 262, the court saying: ''If the decree here were *in solido* against all four of the original respondents for one and the same amount, it would not be questioned, and could not be questioned, that an ancillary bill of the character before us would not be multifarious although it joined all four, and although it sought to make available equitable assets of only one, two, or three of them, or several properties fraudulently conveyed by only one, two, or three. This is clear on general equitable principles, because, whatever the form or purpose of an ancillary proceeding having in view securing payment of an original decree, marshaling between all the respondents is an essential element in the view of the Chancellor. Therefore, all the respondents would necessarily be joined in order that the equities of marshaling might be worked out. (Story's Equity Pleadings, sec. 286.) *Pollard* v. *Bailey,* 20 Wall. 520, 22 L. Ed. 376, and other cases of that class, illustrate the broad necessity of bringing in all respondents for the proper application of the equities of apportionment and marshaling. Here we have, as we have shown, apportionment necessarily preceding the same marshaling on the same principles as though there had been but one decree *in solido* against all four respondents. Therefore, it follows that, on the mere question of multifariousness, there must be a reversal.''

In *Planters' & Merchants' Bank* v. *Walker,* 7 Ala. 926, the court in speaking on this point said: ''In the present case, joint judgments were recovered by the complainant against G. Walker, J. H. Walker, and Robert Lowe, all whom, it is alleged, have united in a fraudulent purpose to defeat the collection of these judgments: and to effect that end, have each made transfers of all their property. The two former, by absolute sales, pro-

fessing to pass the possession and property to their respective vendees; the latter, by mortgages. All these transactions are charged to have been fraudulent, not only on the part of the defendants in the judgment, but of their vendees and mortgagees. Here, then, it is apparent, that the three defendants last named, have a common interest in the leading object of the bill, viz.: the satisfaction of the judgments, and they are charged with a joint participation in the design to defraud, which led to the supposed fraudulent transfers. This being the case, we think the authorities cited, clearly warranted the plaintiff in joining them in one suit; especially, as by thus uniting them, their rights could not be prejudiced, by subjecting them to increased costs, or protracting litigation. * * * As then a demurrer for multifariousness would not be sustained, for the reason merely, that the bill attacked the transfers of property made to [by?] the three defendants in the judgments, on the ground of fraud, we think the objection cannot be successfully interposed by those who claim under them, derivatively. The citations already made, sustain us in this conclusion.''

It is our view that plaintiff in this action has but one cause of action, viz., an ancillary action in the nature of a creditor's bill, in aid of execution to have applied to the satisfaction of his joint judgment, so much of the property of the judgment debtors as may be necessary to pay the judgment.

The situation is not the same as where the main object and purpose of the action is to set aside deeds, as was the case of *Griffith* v. *Griffith,* 71 Kan. 547, 81 Pac. 178, relied upon by defendants. On this point, too, the case of *Dunn* v. *Arbuckle,* 113 Kan. 169, 213 Pac. 655, also relied upon by defendants, is distinguishable.

The motion to separately state and number should have been denied. The judgment is reversed and the cause remanded with directions to set aside the order sustaining, and to enter an order denying, the motion to separately state and number. Defendants should be granted a reasonable time to further plead.

Mr. Chief Justice Johnson and Associate Justices Morris, Arnold and Erickson concur.