## AVERY *against* FITCH :

### IN ERROR.

Though a party cannot sever a book debt, and bring distinct suits upon separate portions of it, unnecessarily ; yet, where a party brought an action of book debt, before the county court, and subsequently brought another action of book debt, before a justice of the peace, for an account which accrued subsequently to the commencement of the first action, and recovered ; it was held, that such recovery was no bar to the first action.

This was an action of book debt, brought by *Fitch* against *Avery,* before the county court, by writ dated the 18th of *April,* 1818. The cause being appealed to the superior court, the defendant, at the *September* term, 1819, pleaded, That after the date and service of the plaintiff's writ, and after the session of the county court, to which such writ was returnable, the plaintiff, by writ dated *July* 9th, 1819, brought his

action on book against the defendant, before *Joel Loomis*, Esq. a justice of the peace, at his dwelling-house in *Lyme*, on the 20th of *July*, 1819, demanding the sum of seven dollars, to balance book accounts; in which action the parties appeared, and the defendant pleaded, that he owed the plaintiff nothing, upon which plea the parties were at issue; and said Justice *Loomis*, having examined the evidence adduced, found that the defendant owed to the plaintiff the sum of 4 dollars, 42 cents, and rendered judgment in favour of the plaintiff to recover that sum, and issued execution therefor accordingly; which has since been paid and satisfied. The plaintiff replied, That the action before Justice *Loomis* was brought for a small book debt against the defendant, which accrued and grew due after the date and service of the plaintiff's writ in this suit, and after the session of the said county court; and no part of the plaintiff's book account in this action was exhibited to, or considered by, said Justice *Loomis*, in the action before him. To this replication there was a demurrer. The court adjudged the replication to be sufficient; and rendered final judgment for the plaintiff. The defendant thereupon brought the present writ of error.

*Waite*, for the plaintiff in error, contended, That the judgment in the action on book before Justice *Loomis*, in which the parties respectively appeared, and were fully heard upon the plea of *owe nothing*, was *conclusive* upon the parties, as to all matters on book subsisting between them, at the date of the writ. And whether the defendant in error did, in fact, exhibit his whole account before the justice; and whether the justice did, in fact, adjudicate upon the whole account; are circumstances perfectly immaterial. There can be but one balance of a book account, at a given time; a book account being an indivisible claim. The plaintiff could not keep back a part of his account, and afterwards recover for it. *Cook* v. *Lane*, 3 *Day* 255. *Bunnel* v. *Pinto*, 2 *Conn. Rep.* 431. That a former suit had been brought, and was still pending, did not preclude the defendant from exhibiting his whole account, or excuse him for not doing it.

*Isham* and *Brainard*, for the defendant in error, contended, That the causes of action in the two suits were *distinct*; and that the recovery of one could not preclude the party from enforcing his right with respect to the other. The pendency

*New-London,*
July,
1822.

*Avery*
*v.*
*Fitch.*

of the suit first brought, clearly could not be pleaded in abatement, or in bar of the other ; the two suits not being for the same matter, cause and thing.   Can a recovery in the second suit, then, be pleaded in bar of the first ?   The account for which the second suit was brought, could not be given in evidence in the first suit ; because the whole of that account accrued subsequently to the commencement of the first suit. If a separate action could not be maintained for it, the party must lose it ; and that without any fault of his.   Though a book account is indivisible ; yet after you have brought an action for the whole of your book account then existing, you may bring another action for another book account subsequently accruing.

*Waite*, in reply, said, The question was not, whether the original plaintiff could bring a second action, during the pendency of the first ; but whether the recovery in the second action must not be considered as embracing the balance due to the plaintiff on the whole account, existing at the commencement of that action.   Could he, in the second action, split up his account, and recover a part in that action, and leave a part to be recovered in another action, pending in another court ?   If his claim was indivisible, the judgment recovered must have embraced his whole claim ; and is, consequently, a good bar to any part of the same claim.

Hosmer, Ch. J. *Fitch* brought his action of book debt against *Avery*, before the county court, by writ dated the 18th of *April*, 1819.   To this action *Avery* pleaded in bar, that by writ dated *July* 9th, 1819, *Fitch* instituted an action on book against him, before Justice *Loomis*, demanding seven dollars, to which the general issue was pleaded, and judgment for 4 dollars, 42 cents, was rendered in favour of the plaintiff.   To this plea a replication was made, averring, among other things, that the book debt, on which judgment was obtained before the justice, accrued or grew due *after the date and service* of the plaintiff's writ in this suit, and *after the session of the said county court*, and constituted no part of the plaintiff's book account exhibited in the action on trial.   To this replication the parties joined in a demurrer.

For the same cause of action, no person ought to recover twice ; and if it might have been exhibited in a former suit as part of a book debt then litigated, it must be considered as

extinguished. A man cannot be permitted to sever a book <span style="float:right">*New-London,* July, 1822.</span> debt, and multiply suits unnecessarily. The case of *Lane* v. *Cook,* 3 *Day* 255. settled this principle, that a judgment in an action of book debt is conclusive, " as to all matters on book, *Avery* subsisting between the parties, *at the date of the writ on which* *v.* *judgment was rendered ;*" upon the same principle, that an *Fitch.* award extinguishes all demands existing *at the date of the submission. Bunnel* v. *Pinto,* 2 *Conn. Rep.* 431. But a cause of action, which originated *posterior* to the commencement of a suit, cannot be affected, by the judgment rendered in it ; as it was not exhibited in evidence, nor could form any part of the matter on which the suit was instituted.

To the claim of *Avery,* there exist two irresistible objections.

In the first place, his plea is manifestly insufficient ; there being no averment, that the facts pleaded are the same matter adjudicated upon in the former suit ; nor does this fact appear, by necessary inference, from the allegations in the plea.

In the next place, it does appear from the replication, that the book debt sued before the justice had its origin, *subsequent* to the date of the writ brought before the county court. A judgment is never a bar to a cause of action, not included in the suit, on which the judgment was rendered ; and which, by no legal possibility, could have been regarded.

The other Judges were of the same opinion.

Judgment affirmed.