CHARLES CASSELBERRY, Appellant, *v.* SUSANNAH FOR-QUER, Appellee.

THE SAME *v.* THE SAME.

THE SAME *v.* THE SAME.

THE SAME *v.* THE SAME.

APPEALS FROM ST. CLAIR.

A party cannot bring separate suits for several sums past due on a lease; if more than one payment is due, these payments should be consolidated into one suit.

A party cannot divide an entire demand, so as to maintain several actions for its recovery.

On the 24th of May, 1854, Casselberry leased from William Forquer certain land in St. Clair county, for three years, for $150 a year, one-half payable semi-annually on the 25th of December and March ensuing. On the 3rd day of June, 1857, Susannah Forquer brought two suits on said lease, for $75 each, before the same justice of the peace, and filed her accounts, one for rent from 1st of March to 25th December, 1856, the other for rent from 25th December, 1856, to 1st March, 1857. On the 13th of June, 1857, judgments were rendered in each case for $75, and costs, against Casselberry, from which he appealed to the St. Clair Circuit Court. After two more installments were due, to wit, on the 4th of March, 1858, Mrs. Forquer brought a third suit on said lease, before a justice of the peace, and filed her account for rent from March 1st, 1857, to December 25th, 1857, and on the 12th of March, 1858, recovered another judgment for $75, and costs, which was also appealed to said Circuit Court. On the 28th of April, 1858, Mrs. Forquer brought a fourth suit on said lease, before a justice of the peace, and filed her account for rent from December 25th, 1857, to March 1st, 1858. She recovered another judgment for $75, and costs, which was also appealed to said Circuit Court. The cases were continued in said court till the September term, 1859, when they were submitted together to the court for trial.

On the trial, Mrs. Forquer introduced in evidence said lease, made by William Forquer to Casselberry. Also, the last will of William Forquer, duly proved and recorded in the County Court of said county, on the 7th of October, 1855, by which he devised to plaintiff said lease. The defendant then produced in evidence a decree in partition in the St. Clair Circuit Court, at its March term, 1856, wherein the parties to this suit, and the heirs and devisees of William Forquer, were complainants or defendants; ordering the sale of the leased premises, among other lands, and a deed made by the commissioners under said decree, of more than one-half of said leased premises to Joseph Vellinger, dated May 31st, 1856. It was admitted that, for a small advance on his purchase, Vellinger conveyed said land to Casselberry, by deed, dated April 27, 1857. Plaintiff below then proved that, after said decree and sales, said decree was reversed in the Supreme Court of this State, in January, 1859. Plaintiff then introduced in evidence the bill in chancery on which said decree was founded.

The court took the cases under advisement, and at the March term, 1860, rendered judgment for $75, and costs, in each case. Casselberry moved for a new trial in each case,

because the several findings were contrary to law and to evidence; which motions were severally overruled by the court, and excepted to, and the cases severally appealed to the Supreme Court, and by consent to be heard at Springfield.

All the cases are settled by the following opinion of the Court.

W. H. UNDERWOOD, for Appellant.

N. NILES, for Appellee.

BREESE, J.   There is really but one question presented by this record, and that is, the right to sue separately for each of the claims after two of them had become due and payable. The question about the lease, and the rights of these parties under it, cannot be considered, for the court, in the partition case in chancery, the proceedings in which are made part of this case, never had any jurisdiction over the leasehold interest of Susannah Forquer to sell it, and the sale of it was therefore void.

When the several payments reserved by the lease were due, suit could be brought on each payment successively, as they fell due.   But if more than one payment be due at the time of suit brought, they must be consolidated into one suit, otherwise a recovery in one could be pleaded in bar of a recovery in the other.   Here the facts show, that at the institution of each of these suits, two payments, of seventy-five dollars each, were due, and a separate recovery allowed.   This cannot be done.   In the case of *Camp* v. *Morgan*, 21 Ill. 258, this court said, the doctrine was well settled that a plaintiff cannot so divide an entire demand, or cause of action, as to maintain several actions for its recovery.   When these suits were brought, there was an entire demand existing against the defendant in each case, of one hundred and fifty dollars, then due and payable.   Suit should have been brought for the entire demand, all of them arising out of the same transaction.

The judgment is reversed, and the cause remanded, with direction to dismiss the several suits.

*Judgment reversed.*