9   109
d52   886

CHARLES H. BECK, PLAINTIFF IN ERROR, V. WILLIAM DEVEREAUX, DEFENDANT IN ERROR.

1. **Practice:** ACTIONS: INDIVISIBLE DEMAND: PLEA IN BAR. The rule is well settled that an indivisible demand cannot, at the will of the plaintiff, be separated, and collected by several actions.

2. ——— : ——— : ——— : ———. If a plaintiff bring an action for a part only of an entire and indivisible demand, the judgment in that suit may be pleaded as a complete bar to another action for the residue.

3. ——— : ——— : DISTINCT CAUSES OF ACTION. There is no rule that requires a party to join in one suit several and distinct causes of action, although he may, under certain circumstances, be required to consolidate them.

4. ——— : ——— : ACCOUNTS PAYABLE MONTHLY. A manufacturer of cigars furnished them to a dealer under an agreement

that the amount of the account for each month was, at the end thereof, to be "*due and payable*," and bills were made out accordingly. *Held*, That the account for each month constituted a separate demand, and that a recovery of judgment upon one was no bar to an action for another.

ERROR to the district court of Lancaster county. The facts were as follows:

The defendant in error was engaged in the business of manufacturer of and dealer in cigars and tobacco in Lincoln, in 1877 and 1878, and the plaintiff in error kept a billiard-room, where he dealt in cigars purchased of defendant. The books of defendant in error show a continuous dealing during the year 1877 and up to February, 1878. By express agreement between the parties bills were made out and due and payable at the end of every month. On the 16th day of February, 1878, defendant in error brought, in the county court of Lancaster county, two suits against the plaintiff in error—one for goods sold and delivered in the month of December, 1877, and one for goods sold in the month of January, 1878. Judgment rendered upon both. The last was fully paid and satisfied, and this case was appealed to the district court. The items mentioned in petition of defendant in error were not included in the bill of particulars filed in the first case, and the bill for goods purchased in December, 1877, was presented to plaintiff in error January 1, 1878, and not paid by him. Upon the trial this was the agreed state of facts upon which it was tried—Beck pleading the former judgment in bar, which plea the court below, by POUND, J., overruled, and entered judgment in favor of Devereaux for the amount claimed.

*Stearns & Hull*, for plaintiff in error.

1. The dealing being continuous between the parties, the contract was an *entire* one and could not be *separated.* 3 Parsons on Contracts, 620, and authorities cited. *Farrington v. Payne,* 15 Johns, 432. *Smith v. Jones,* 15 Johns., 229. *Willard v. Sperry,* 16 Johns., 121.

2. Parties are not only bound by what is actually determined in a litigated case, but as to all matters which might have been litigated in the case. *Donaher v. Prentiss,* 22 Wis., 311. *Dalton v. Bently,* 15 Ill., 420. *Bates v. Spooner,* 45 Ind., 489. *Hackworth v. Zollar,* 30 Iowa, 433. *Hites v. Irwin,* 13 Ohio St., 283. *Grey v. Dougherty et al.,* 25 Cal., 266. Wells' Res. Adjudicata, 204, 256, sec. 236. *Ewing v. McNairy & Co.,* 20 Ohio St., 322.

3. Accounts all due at time suit is instituted, arising from one continuous contract or dealing, cannot be separated and part collected in different and separate actions. *Guernsey v. Carver,* 8 Wend., 492. *Bendernagle v. Cocks,* 19 Wend., 208. *Colvin v. Corwin,* 15 Wend., 557. *Miller v. Covert,* 1 Wend., 487. Wells' Res. Adjudicata, 247, sec. 292. 3 Parsons on Contracts, 188, cases cited. *Lane v. Cook,* 3 Day, 255. *Avery v. Fitch,* 4 Conn., 362.

4. Suit brought and judgment rendered upon part of an account or claim arising from a continuous dealing or contract works a satisfaction of or bar to the collection of the balance. *Phillips v. Berick,* 16 Johns., 136. *Guernsey v. Carver,* 8 Wend., 492.

*Galey & Abbott,* for defendant in error.

No brief on file.

LAKE, J.

The rule is doubtless well settled, as contended for by the plaintiff in error, that an indivisible demand

cannot, at the will of the plaintiff, be separated, and collected by several actions. It is against the policy of the law to permit a debtor to be subjected to the expense and annoyance that would necessarily result from such a course. If a plaintiff bring an action for a part only of an entire and indivisible demand, whatever it may be, the judgment in that suit may be pleaded as a complete bar to another action for the residue. *Smith v. Jones*, 15 Johns., 229.   *Willard v. Sperry*, 16 Id., 121.   *Colvin v. Corwin*, 15 Wend., 557.   *Avery v. Fitch*, 4 Conn., 362.

But, as was well said by SPENCER, J., in *Phillips v. Berick*, 16 Johns., 136: "There is no case, or *dictum*, which requires the party to join in one suit several and distinct causes of action." Provision is made in our code of civil procedure, however, whereby the defendant, in several actions "which might have been joined," may require them to be consolidated. Gen. Stat. 547. And that course was open to the plaintiff in error in the county court, but he did not seek to avail himself of it. Undoubtedly that court would have at once ordered such consolidation had a motion to that end been made.

While the defendant in error might very properly have included the entire account for the two months in one action, he was under no legal obligation to do so. It is shown by the stipulation of facts that, "by express agreement between the parties" the amount of the account for cigars sold during each month was, at the end thereof, "*due and payable*," and bills therefor were made out accordingly. Under this arrangement the account for the sales of each month was an independent demand, and, if not paid according to the agreement, would draw interest from the time it fell due. Under these circumstances we think it is very clear that the account for each month may, and

indeed should, be regarded as a separate and distinct cause of action, and that a recovery for the cigars sold in January is no bar to an action for those sold in December. The judgment of the district court was clearly right, and is affirmed.

JUDGMENT AFFIRMED.