JAMES C. WEEKS ET AL. V. GIDEON WHEELER ET AL.

FILED JUNE 6, 1894.  NO. 4295.

1. **Error Proceedings:** ASSIGNMENTS IN APPELLATE COURT. Where error is taken from the judgment of a justice of the peace to the district court and the judgment of the justice there affirmed, and error is then prosecuted to this court from the judgment of affirmance, this court will only consider such assignments of error as were presented to the district court.

2. **Review:** ERROR. A judgment will not be reversed unless error affirmatively appears from the record.

ERROR from the district court of Merrick county.  Tried below before MARSHALL, J.

*Webster & White,* for plaintiffs in error.

*Meiklejohn & Thompson, contra.*

IRVINE, C.

The defendants in error recovered a judgment against the plaintiffs in error before a justice of the peace in Merrick county, from which the plaintiffs in error prosecuted error to the district court, where the judgment of the justice was affirmed, and plaintiffs in error now bring the case here for review.

The first error assigned both here and in the district court is the refusal of the justice to sustain a motion to consolidate this action with another.  Section 150 of the Code of Civil Procedure provides that whenever two or more actions are pending in the same court which might have been joined, the defendant may, on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated, and if no such cause be shown, the said several actions shall be consolidated.  In order to justify a consolidation it must, therefore, at least appear that the actions might have been joined.  There is nothing whatever in the record before us to show the nature of the other action or the parties thereto, and error in overruling the motion to consolidate, therefore, does not appear.

The other errors assigned in the petition in error in this court relate to the use of certain depositions.  Several errors are assigned upon the action of the district court in sustaining the justice in overruling a motion of plaintiffs to suppress the depositions referred to.  In the petition in error in the district court, however, no errors were assigned upon the justice's ruling upon that motion.  The only error

assigned were upon the justice's permitting the depositions to be read in evidence at the trial. These assignments are preserved in this court by the fifth assignment in error, in which it is alleged that the district court erred in sustaining the justice in overruling the objections of plaintiffs to the reading of said depositions. We cannot here consider any errors not presented to the district court by the petition in error there. (*Lean v. Andrews*, 38 Neb., 656.) This prevents our reviewing the action of the justice in overruling the motion to suppress the depositions. As to his action in overruling the objections to their being read in evidence, this was matter occurring upon the trial. The case was tried to a jury. The plaintiffs in error might have excepted to the justice's ruling and have procured the settlement of a bill of exceptions. They did not do so, and there is nothing in the record here or in the district court upon which to found this assignment.

JUDGMENT AFFIRMED.