Linton v. Cathers.

---

PHŒBE R. E. E. LINTON ET AL. V. JOHN T. CATHERS.

FILED DECEMBER 16, 1903. No. 13,247.

1. **Error: CONTINUANCE.** Action of the trial court in refusing a continuance examined, and *held* not error.

2. **Judgment: BAR.** Judgment in *Linton v. Cathers, ante,* p. 598, *held* not a bar to the action in the instant case.

3. **Error: RULINGS.** Action of the trial court in the admission and exclusion of evidence examined, and *held* not error.

ERROR to the district court for Douglas county: PAUL JESSEN, JUDGE. *Affirmed.*

*John O. Yeiser,* for plaintiffs in error.

*John T. Cathers* and *Byron G. Burbank, contra.*

OLDHAM, C.

This is a suit between plaintiff and defendants for attorney's fees and money advanced by plaintiff in paying costs and in paying delinquent taxes for the benefit of defendants. The petition was filed in February, 1902, about a year after the alleged settlement between these parties, a memorandum of which was set out in the opinion between the same parties, *ante,* p. 598. In plaintiff's amended petition he carefully itemized each case in which services are alleged to have been rendered by the request and for the benefit of defendants, and in the second count of the petition, moneys alleged to have been expended at the request and for the use of defendants are itemized and set forth. The petition also sets forth the settlement of May 18, 1901, commented upon in the opinion, *ante,* p. 598. Some of the items for services alleged were rendered prior to this settlement and a number were rendered after the settlement had been agreed upon. In his petition plaintiff assumes the burden of showing facts necessary to avoid the effect of the settlement. Defendants' answers pleaded the settlement of May 18, and denied that the

services rendered since such settlement were of any value, and charged mismanagement of the cases intrusted to plaintiff; and defendants also filed a counterclaim for damages on account of plaintiff's mismanagement of the cases. On issues thus joined there was a trial to a jury, judgment for plaintiff, and defendants bring error to this court.

From the 116 allegations of error called to our attention in the petition in error, we shall only consider such as present questions worthy of serious attention, for most of the allegations are vexatiously frivolous. One of the numerous errors alleged is as to the action of the trial court in refusing defendants' application for a continuance because of the filing of an amended petition. The amended petition on which the case was finally tried was but a more detailed statement of the facts contained in the original petition and set up no new cause of action. This pleading was filed December 4, and the defendants were given until December 17 to answer, which we think afforded reasonable time for defendants to plead to the new petition. There is no showing in the record which remotely suggests an abuse of discretion reposed in the trial judge in refusing the application for a further continuance.

When the case, *ante,* p. 598, was reached for trial, the instant case was pending before another judge of the same court on defendants' application for a continuance. Defendants filed a motion to consolidate the two cases. The court after an examination of the pleadings in each of the cases denied the request; and the rule of the court in denying the application for consolidation is now urged in bar of further proceedings in the instant case. We think it was not error, in refusing the consolidation of these cases; they were not pending at the same time; the former case having been filed November 5, 1900, and also Adolphus F. Linton, as trustee, was not a party to the former cause, and much of the services sought to be recovered for in this case were not rendered till more than a year after

the filing of the former petition, and the items sought to be recovered in the present suit are plainly divisible from the items of services alleged in the former case; consequently the judgment in the former case was not a bar to the action for the services alleged to have been rendered in the present suit. *Beck v. Deveraux,* 9 Neb. 109; *Weeks v. Wheeler,* 41 Neb. 200.

This cause of action presented little but disputed questions of fact, which it was the peculiar province of the jury to determine. Plaintiff, as above stated, assumed the burden of showing facts in avoidance of the alleged settlement of 1901, in so far as it might have been taken to have affected any of the services performed by him for defendants prior to that date. The instructions of the court clearly and fairly submitted every disputed question to the jury. There are numerous errors alleged on the admission and exclusion of testimony. We have examined these allegations patiently and in doing so have plodded through a burdensome record of 630 pages, but we find nothing in the action of the trial court on the admission or exclusion of evidence that was in any wise prejudicial to defendants.

It is therefore recommended that the judgment of the district court be affirmed.

HASTINGS and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.