## NELSON v. HENRICHSEN.

No. 1736. Decided November 2, 1906 (87 Pac. 267).

1. PLEADING—COMPLAINT—SEPARATE CAUSES OF ACTION.—Plaintiff alleged that he performed labor at defendant's request on defendant's mining claims as a miner, and performed other work and labor on such claims as foreman and manager; that the labor performed, the services rendered and moneys paid out by plaintiff at defendant's request amount in the aggregate to $1,177, all of which were done and performed between April 5, 1904, and February 26, 1905; that no part thereof had been paid, except $800.67, leaving a balance of $376.33 due from defendant to plaintiff. *Held,* that such complaint properly stated a single cause of action, and was not objectionable for failure to separate plaintiff's claim for services as a miner on the amount due as defendant's foreman and manager.

2. SAME—BILL OF PARTICULARS—DEMURRER—GROUNDS.—Where a complaint for seervice and money paid alleged the different items sought to be recovered, and made brief mention of the character of each class, it was not demurrable for failure to state each item more specifically; defendant's remedy, if he desires a more specific statement, being by motion for a bill of particulars, authorized by Revised Statutes 1898, section 2988.

APPEAL from District Court, Fifth District; J. Greenwood, Judge.

Action by Jens. Nelsen against H. A. Henrichsen. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*Frank Hoffman* for appellant.

*Knox Fennemore* for respondent.

McCARTY, C. J.

Plaintiff brought this action to recover the sum of $376.33, a balance alleged to be due from defendant on an account. The complaint, in substance, alleges that plaintiff, at defendant's request, performed labor in and upon defendant's mining claims as a miner, and performed work and labor upon said claims as foreman and manager thereof, and paid moneys for defendant's use and at his request in the management and operation of said mining claims; that the labor performed, services rendered, and moneys paid out by plaintiff at defendant's request, as aforesaid, in the aggregate amounted to and was of the value of $1,177; that the whole was furnished, done, and performed at the request of defendant between the 5th day of April, 1904, and the 26th day of February, 1905; that no part thereof has been paid, except the sum of $800.67, leaving a balance of $376.33 due from defendant to plaintiff. The defendant demurred to the complaint on the grounds, first, that it does not state facts sufficient to constitute a cause of action; second, that several causes of action are improperly united and are not separately stated; third, that the complaint is ambiguous and uncertain, in this: that it nowhere appears in the complaint what sum of money was claimed to be due plaintiff for work as a miner, or what

sum was claimed to be due plaintiff as foreman and manager of defendant's mine, or what sum was claimed to be due plaintiff for moneys paid out by him for defendant and for defendant's use. The demurrer was overruled, and the defendant answered denying the allegations of the complaint. The case was tried to the court without a jury, and the judgment entered was in favor of plaintiff for the sum of $361.61. To reverse the judgment, defendant has appealed to this court on the judgment roll.

The only question presented and discussed by counsel for appellant, in his oral argument and in his printed brief on this appeal, is, did the trial court err in overruling defendant's demurrer? We think this question must be answered in the negative. While it is alleged in the complaint that the claim sued on is made up of different items, making brief mention of the character of each class of items, there is but one cause of action stated. If the defendant desired a more detailed statement respecting the character of the different items comprising the account, he could have demanded a bill of particulars, as provided by section 2988, Revised Statutes 1898, which, so far as material here, provides that "it is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within ten days after demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof." The Legislature evidently intended by this provision of the statute to relieve the pleader from the necessity of setting forth in detail each item of the account, and at the same time enable the adverse party to procure in advance of the trial a full and complete statement of the account sued on, and thereby guard against surprise. (1 Cyc. 481; *Mills v. Glennan et al.* [Idaho], 6 Pac. 116; *Farwell v. Murray* [Cal.], 38 Pac. 199; *Roehring v. Huebschman,* 34 Wis. 185; *Beardsley v. Southmayd,* 14 N. J. Law 534; 1 Estee's Pleading, p. 301.)

The judgment is affirmed, with costs.

STRAUP and FRICK, JJ., concur.