COHEN, Respondent, v. CLARK, Appellant.

(No. .3,019.)

(Submitted November 3, 1911. Decided November 20, 1911.)

[119 Pac. 775.]

*Pleading and Practice—Causes of Action—Motion to Separately State and Number—Theory of Case—Bill of Particulars— Discretion—Evidence—Memoranda — Refreshing Memory— Depositions.*

Appeal—Theory of Case—Conclusiveness.
    1. On appeal a party is bound by the position taken by him relative to the theory upon which the cause was tried in the district court.

Pleading and Practice—Splitting Cause of Action.
    2. The splitting of a single cause of action is not permitted.

Same—Causes of Action—Paragraphing and Numbering.
    3. Where plaintiff pleads but a single contract and a breach of it in one or more particulars, he states a single cause of action only, and it is immaterial how the complaint is paragraphed.

Same—Causes of Action—Motion to Separately State and Number—Discretion.
    4. Where it does not affirmatively appear from the face of the complaint that it states more than one cause of action, each well pleaded, the court may not be held to have erred in denying a motion to require plaintiff to separately state and number his several causes of action alleged to have been stated in one count.

Evidence—Failure to Furnish Further Bill of Particulars—Effect.
    5.   An objection to the introduction of evidence by plaintiff interposed on the ground that he had failed to furnish defendant a bill of particulars more complete than one theretofore furnished as ordered by the court, in an action on a contract for wages and expenses, *held* to have been properly overruled.

Bill of Particulars—Discretion.
    6.   The granting or refusing of an order for a more specific bill of particulars is a matter left to the sound discretion of the trial court; in the absence of manifest abuse of such discretion, the supreme court will not interfere.

Evidence—Motion to Strike—When Too Late.
    7.   After a question has been answered by a witness, a motion to have the answer stricken out must be denied.

Same—Refreshing Memory—Memoranda.
    8.   Under section 8020, Revised Codes, a witness may, to refresh his memory, properly have recourse to a memorandum-book containing entries written by himself.

Same—Depositions—Answer not Responsive to Question.
    '9.   Where an interrogatory asked the deponent to attach to his deposition a certain record, a copy thereof was neither the best evidence nor responsive to the question, and therefore inadmissible.

Same—Weight—Question for Jury.
    10.   The weight of the evidence is a question exclusively within the province of the jury, and their findings upon disputed questions of fact are conclusive.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by A. B. Cohen against C. W. Clark. Plaintiff had judgment, and defendant appealed therefrom and from an order denying him a new trial. Affirmed.

*Mr. George F. Shelton, Mr. Peter Breen,* and *Mr. M. B. Gilchrist* submitted a brief in behalf of Appellant; *Mr. Shelton* and *Mr. Charles A. Ruggles,* of counsel, argued the cause orally.

"Where a complaint, in an action to recover for personal services rendered, does not show whether the plaintiff relies upon a specific contract for a stipulated compensation, or an implied contract for the reasonable value of the services alleged, a special demurrer thereto for uncertainty and ambiguity should be sustained." (*Shade* v. *Sisson M. & L. Co.,* 115 Cal. 357, 47 Pac. 135.) The purpose of a complaint is not to ensnare or entrap the defendant, but to advise him with sufficient definiteness and certainty as to what he must meet in

order that he may prepare his defense. The test as to whether the complaint is sufficient in certainty and definiteness is: Would a judgment for or against the defendant bar another action upon the same claim, and could the complaint be introduced as evidence in another action upon the same claim in support of a defense of *res judicata?* "The complaint must set forth the subject matter of the contract with sufficient certainty to make a possible adverse judgment a bar to another action." (9 Cyc. 713.) "A declaration on a contract must set forth the subject matter of the contract with sufficient certainty to make a possible adverse judgment a bar to another suit." (*Phillips* v. *Knight et al.,* 20 R. I. 624, 40 Atl. 762.) "The complaint must be sufficient to apprise the opposite party of the nature of the action, and be sufficient to bar another action." (*Dalton* v. *United Ry. Co.,* 134 Mo. App. 392, 114 S. W. 561.) If it was intended by plaintiff to declare upon an open account for debt, his complaint is bad for uncertainty and for want of facts. Mere recitals of conclusions are pleaded instead of ultimate facts. "A complaint on an account which does not state the nature of dealings between plaintiff and defendant is insufficient under a statute requiring a statement in plain and concise language so that a person of common understanding may know what is intended." (*Gise* v. *Cook,* 152 Ind. 75, 52 N. E. 454.) "A complaint on an open account should state the items thereof with reasonable certainty. The debt on which the transactions occurred should be alleged." (9 Current Law, 21.) "Where on action on open account containing a number of items no date except the year is alleged, an objection should be sustained, unless the defect is cured by amendment." (*Overstreet* v. *Nashville Lumber Co.,* 127 Ga. 458, 56 S. E. 650.) "A complaint on account should identify and describe the claim with reasonable particularity." (1 Ency. Pl. & Pr. 90.)

Each count set out in plaintiff's complaint is based upon a separate "special instance and request" of defendant. Special request is defined by Bouvier as follows: "Special Re-

quest—A request actually made at a particular time and place; this term is used in contradiction to a general request, which need not state the time when nor the place where made."

*Messrs. Mackel & Meyer,* for Respondent, submitted a brief; *Mr. Wm. Meyer* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover $2,730 for work and labor performed and expenses incurred by plaintiff for defendant between January 23, 1901, and October 23, 1902. Plaintiff recovered judgment, and the defendant appealed therefrom and from the order denying him a new trial.

1. The complaint consists of eleven paragraphs, exclusive of the prayer. In paragraph 1 plaintiff alleges that between January 23, 1901, and April 1, 1901, at defendant's special instance and request, he performed work and labor for defendant at Helena. Each of the next four paragraphs is similar in terms, except as to the period covered and the place of employment—the several periods of time, beginning with the first, constituting the entire time from January 23, 1901, to October 23, 1902. In paragraph 6 it is alleged that the services were performed by plaintiff for defendant at the agreed price of $150 per month. In paragraph 7 plaintiff alleges that in February and March, 1901, at defendant's special instance and request he incurred expense to the amount of $80. Paragraph 8 is similar, except that the amount expended is stated to be $50, and the time, April, 1901. Paragraph 9 is likewise similar to paragraph 7, except that the amount given is $290, and the time, August, September and October, 1902. In paragraph 10 it is alleged that the several sums were expended upon the express promise of defendant to repay the same. Paragraph 11 charges that no part of the sums due for wages or for money expended has been paid, except the sum of $840. The prayer is for the balance with interest. The defendant moved

the court to require the plaintiff to separately state and number his cause of action for services; his cause of action for $80; his cause of action for $50, and his cause of action for $290. This motion was denied.

In this court defendant insists that plaintiff has undertaken to state eight separate causes of action in one count—that his claim for services in each of the first five paragraphs of the complaint constitutes a separate cause of action, and that his claim for each separate amount expended likewise constitutes a cause of action; but this position is inconsistent with the position taken in the trial court. In his motion to separate, defendant treated the plaintiff's claim for compensation for all the services mentioned, as constituting but a single cause of action, and this appears again in his bill of exceptions, and he cannot be heard to change his position here. He is bound by [1] his theory of the case as disclosed in the trial court. (*Dempster* v. *Oregon Short Line Ry. Co.*, 37 Mont. 335, 96 Pac. 717; *Galvin* v. *O'Gorman*, 40 Mont. 391, 106 Pac. 887.)

Does it appear from the complaint that plaintiff's claim for each separate amount expended constitutes a cause of action, or in fact does it appear that the entire complaint undertakes to state more than one cause of action? It is an elementary rule of law that "where several claims, payable at different times, arise out of the same contract, suit may be brought as each liability accrues; but if suit is not brought until more than one has become due, all must be sued for under one action." (1 Sutherland's Code Pleading, Practice and Forms, sec. 220.) Several breaches of a single contract may constitute but one cause of action, and if the several acts pleaded do make up but a single cause of action, one count in the complaint is sufficient to state them.. Under equally well-recognized rules of pleading, [2] a plaintiff is prohibited from splitting a single cause of action. (1 Ency. of Pl. & Pr. 148.) But just what constitutes a single cause of action is frequently difficult to determine. At common law the question was easily settled, for the form of the action determined its character. Under the Codes, forms

of actions are abolished and the facts constituting plaintiff's complaint must be stated, and the construction put upon a pleading must now determine whether it states one cause of action only or more than one. "A cause of action is the right .which a party has to institute a judicial proceeding" (*Dillon* v. *Great Northern Ry. Co.,* 38 Mont. 485, 100 Pac. 960), and consists of a union of the plaintiff's primary right and an infringement of it by the defendant. (1 Ency. of Pl. & Pr. 116.) Manifestly, then, if plaintiff pleads several contracts and a breach of each, he states several causes of action; but if he pleads but a single contract and a breach of it in one or more **[3]** particulars, he states but a single cause of action, and it is immaterial how the complaint is paragraphed. (*Nelson* v. *Henrichsen,* 31 Utah, 191, 87 Pac. 267.)

Under our liberal rules of construction it may well be said that this complaint charges one contract for wages and expenses, and a breach by defendant in refusing .to pay. The complaint is indefinite in that it does not state when the value of the services was agreed upon, or when defendant promised to repay the expense money. But the complaint was not attacked upon that ground. A special demurrer was interposed, but it did not point out this defect and the objection now suggested is deemed waived. (Sec. 6539, Rev. Codes.)

But it is not material here to determine whether the complaint seeks to state more than one cause of action. It is sufficient, for the purposes of this appeal, that it does not appear affirmatively from the face of the complaint that it states more **[4]** than one; for it is a well-recognized rule of law that, to warrant the trial court granting a motion to separate, the complaint must affirmatively show two or more causes of action, each well pleaded. (5 Ency. of Pl. & Pr. 335.) So far as disclosed by this record, the order of the trial court overruling defendant's motion was fully justified.

2. Some time before trial defendant moved the court to require plaintiff to furnish a bill of particulars. The plaintiff attempted to· comply but failed to satisfy the defendant, who

moved that a more particular itemization be required. In response to this motion the court made an alternative order that plaintiff comply or show by affidavit his reason for not doing so. Plaintiff thereupon filed his affidavit setting forth that he had theretofore delivered to defendant the original bills for expenses incurred, and had in his deposition, theretofore given at the instance of defendant, stated the items of his account so far as his information enabled him to do so. Upon the trial of the cause, counsel for defendant objected to the introduction of any evidence by plaintiff, on the ground that the bill of particulars had not been furnished or sufficient excuse offered. The objection was overruled, and error is predicated [5] upon the ruling. The ruling was clearly correct. The question was determined by this court in *Martin* v. *Heinze,* 31 Mont. 68, 77 Pac. 427. Furthermore: "The granting or refusing of an order for a more specific bill is a matter addressed to the sound discretion of the trial court under all of the facts [6] and circumstances of the case" (31 Cyc. 582), and in the absence of a manifest abuse of that discretion, this court will not interfere in any event.

3. After plaintiff had answered a question propounded by his counsel, defendant moved that the answer be stricken out. The motion was denied, and properly so. A party may not sit by until a question has been answered and take chances that the answer will be favorable to him, and then move to strike it out if unfavorable. This rule has been repeated so often by [7] this court that it would seem useless for counsel longer to persist in the practice, with any hope of relief here. (*Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70; *Martin* v. *Corscadden,* 34 Mont. 308, 86 Pac. 33; *Poindexter & Orr Live St. Co.* v. *Oregon Short Line Ry. Co.,* 33 Mont. 338, 83 Pac. 886.)

4. Objection was made to the use of a memorandum-book by plaintiff to refresh his recollection while testifying in his [8] own behalf. The order overruling the objection was correct. The witness brought himself well within the rule announced in section 8020 of the Revised Codes. (*Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884.)

5. The deposition of Charles J. Willis, assistant manager of the Holland House, New York City, was taken on application of defendant. The following cross-interrogatory was propounded to the witness: "Q. If you have in your possession at the present time, or can procure any record, showing the whereabouts of Mr. Chas. W. Clark during the months of March and April, inclusive, kindly attach said records to this deposition." In answer the witness testified that he had examined the books kept by the hotel in its usual course of business, and that he attached copies of entries in the hotel register, ledger and reference-book. Upon objection of counsel for plaintiff these copies were excluded from the jury. The copies [9] were not the best evidence and their production by the witness was not responsive to the question. The question called for the original entries, and, whether reasonable or otherwise, could not be met by the production of copies. For instance: If the page of the hotel register which purported to contain an original entry made by the defendant had been produced, plaintiff might have been prepared to prove that the entry was not in defendant's handwriting, while a copy of the entry would be useless. However this may be, the evidence offered was not the best evidence and was not admissible. (Secs. 7872, 7941, Rev. Codes.) It was not responsive to the question and was properly excluded.

6. The plaintiff testified to the contract he made with defendant under which he rendered the services and incurred the expense, and as to the different items of service and expense so far as he was able to give them. He was positive in his statement as to the terms of the contract, the length of time he was employed, and the amounts expended by him. Whether this [10] evidence was entitled to great or little weight was for the jury to determine. We are unable to understand upon what theory the jury entirely disregarded the testimony of the witness Willis, for the defendant, who testified that the defendant was in New York City continuously from March 25 to June 6, 1901. The witness appeared to be disinterested. He gave his testimony

by deposition and his evidence bears every mark of sincerity and reliability; but so long as we have the jury system, the jury's findings upon disputed questions of fact must be conclusive. The members of this court cannot substitute their judgment for the judgment of the men chosen to determine such questions.

7. Counsel for appellant insist that the evidence is insufficient to sustain the verdict, and in this connection they contend that the trial court struck out portions of plaintiff's testimony and that such portions were not thereafter supplied, but the record does not bear out this theory. The court sustained an objection to a question asked plaintiff by his counsel, and counsel for defendant then moved the court to strike out all testimony given by plaintiff with reference to his employment by defendant. The record fails to show any ruling upon the motion but does disclose the following remark made by the presiding judge: "If he is in a position to prove it now it is all the same." This does not show that the motion was sustained. Upon the whole, we think there is sufficient evidence to go to the jury, and the jury having found for plaintiff and the trial court having refused a new trial after an opportunity to review the proceedings, we do not feel justified in interfering.

We have examined all the errors assigned, but the others do not require separate consideration.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing denied December 28, 1911.