**EASTLAND COUNTY v. DAVISSON et al.**
**(No. 994—5157.)**

Commission of Appeals of Texas, Section B.
Feb. 13, 1929.

W. J. Barnes, of Houston, and Joe H. Jones, Grisham Bros., J. Frank Sparks, Ed. S. Pritchard, and Littler & Jones, all of Eastland, for plaintiff in error.

Conner & McRae, of Eastland, and Black & Graves, of Austin, for defendants in error.

LEDDY, J. The Court of Civil Appeals makes the following full and accurate statement of the case:

"Eastland county sued and recovered judgment against G. A. Davisson, road contractor, and C. R. Starnes, county judge, jointly and severally, for the sum of $388,575.50, and against Joe Burkett and Sam D. Young, jointly and severally with said C. R. Starnes on his official bond, as such county judge, for $5,000, and in favor of Eastland county against all said parties for costs; from which judgment Davisson, Starnes, Burkett, and Young prosecuted this appeal. The judgment also declared void and canceled certain orders of the commissioners' court of Eastland county. Certain members of the commissioners' court and their bondsmen were also sued, but judgment resulted in their favor.

"The suit was predicated on certain items paid out by Eastland county for the account of the contractor alleged not to have been taken into account in the settlement between the county and the contractor, and for certain alleged breaches of an original and supplemental contract between the county and the original contractors for the construction of a system of good roads in Eastland county and the purchase by the contractors at par and accrued interest of Eastland county's road bond issue, amounting to $4,320,000, which contract of purchase it was alleged was breached to the extent of the items sued for, and an item of $36,388.40, allowed by the commissioners' court as a credit for 'Matters of Bond Sales, Legal, etc.' The contracts were dated the 9th and 15th days of June, 1920, and were between the county and the Fleming-Stitzer Road-Building Company, a partnership composed of certain parties and said G. A. Davisson, and which contracts were on July 5, 1921, taken over by Davisson with the consent of the commissioners' court.

"The cause was tried by jury, and, on answers to special issues submitted, judgment was rendered as above indicated.

"Seasonably and in due form, Davisson filed and presented his pleas in abatement

and in bar of plaintiff's suit, which the trial court heard and overruled. The first question presented for review is whether the action of the court in overruling said pleas was error.

"It appears from the pleadings and evidence that on the 12th day of December, 1923, Eastland county brought suit in the district court, Ninety-First district, Eastland county, styled Eastland County v. Fleming-Stitzer Road-Building Company, No. 10577, in which G. A. Davisson was the principal defendant and made primarily liable and all other parties sued were made secondarily liable therein, which, on motion for change of venue, was transferred to the district court of Stephens County, Ninetieth district, and was thereafter tried in said latter court on the 9th day of January, 1926, resulting in a judgment for defendants, and plaintiff appealed, said trial being had upon plaintiff's second amended original petition, filed January 22, 1925. The present suit was filed April 17, 1295, in the Eighty-Eighth district court of Eastland county, and went to trial on plaintiff's first amended original petition filed May 7, 1926. The trial began on May 10, 1926, on the plea in abatement, and the jury returned its verdict on the merits on the 28th day of May, 1926, and the judgment itself was rendered on the 4th day of June, 1926, in favor of plaintiff for an aggregate total of $388,575.50 against G. A. Davisson and C. R. Starnes, jointly and severally, and against Joe Burkett and Sam D. Young, sureties on the official bond of C. R. Starnes for $5,000.

In both suits it is alleged that plaintiff on the 9th and 15th days of June, 1920, entered into an original and supplemental contract with Fleming-Stitzer Road-Building Company, by which the latter agreed to buy and pay for in cash, at par and accrued interest, $4,200,000 of Eastland county's road bonds, and to construct a system of public roads in Eastland county, according to the terms of said contract and certain plans and specifications on file with the county engineer of Eastland county.

"In each suit it was alleged that defendants breached said contract and failed to pay par and accrued interest for said bonds.

"In the former suit it was alleged, in the original petition, defendants had failed to pay Eastland county in full for said bonds to the extent of $64,100, and had failed to the extent of $36,388.49 to pay par for 495 of said road bonds of the par value of $1,000 each, and further sought to recover $11,500 alleged to have been paid the contractors for railroad siding, when none had been built. By its second amended original petition, on which it went to trial, all of the items were eliminated except the item of $64,100.

"In the present suit recovery was had for the same item of $36,388.49, sought to be recovered by the original petition in the former suit. In the instant suit different elements or items of damages are alleged, but these are recoverable, if recoverable, because some provision of said contract, alleged in both suits to be one complete contract, was breached. Three of the items recovered in the instant case, one for $13,049.50, one for $14,000, and one for $36,388.49, involved the alleged failure of Eastland county to receive credit for said items in the settlement of the contractors' account with resulting breach in each instance of the contractors' obligation to pay full value for the bonds which he agreed to purchase. The other items of damage complained of in the instant case concerned the alleged failure of the contractor to perform the obligations of said contract in respect to the manner of constructing the roads in question and the character of material to be used and work to be done. The action of the court in overruling said pleas in abatement and in bar is assailed by various assignments of error and propositions laid thereunder, setting up the contention that all the elements of damage pleaded in the two suits accrued as the result of the breach of the same contract, and accrued prior to the filing of the former suit, and that all of said elements of damage constituted a single cause of action which appellee was not entitled to split and prosecute separately by separate suits, and this contention was pleaded in bar as well as in abatement of the instant suit, and that the court erred in rendering judgment awarding any recovery to Eastland county in the instant suit.

"In the instant suit it is alleged:

"'That on the 9th and 15th days of June, 1920, plaintiff entered into an original contract and a supplemental contract, constituting one whole contract with Fleming-Stitzer Road-Building Company, a partnership composed of W. R. Fleming, Frank E. Stitzer, Saunders Gregg, and G. A. Davisson, whereby the said Road-Building Company agreed to construct a system of roads or public highways for Eastland county, and to purchase plaintiff's bond issue and pay therefor the par of said bonds amounting in the principal sum of about $4,320,000.'

"In appellee's petition on which trial was had in the district court of Stephens county, the terms of the original contract dated June 9, 1920, between Eastland county and Fleming-Stitzer Road-Building Company, a co-partnership composed of G. A. Davisson, Saunders Gregg, W. R. Fleming, and Frank E. Stitzer, was alleged to be 'to construct a system of public roads in Eastland county' and 'to accept for all work and material performed and furnished in the construction of said roads the bonds which Eastland county had been authorized to issue in payment therefor, Eastland county to receive the full par value of said bonds, together with all accrued interest thereon.' The terms of the

supplemental contract of date June 15, 1920, were alleged therein to be 'to buy and pay for in cash, at par value and accrued interest, the $4,320,000 of good road bonds which Eastland County was authorized to issue for road construction.' It was then alleged:

" 'That said original contract and supplemental contract, hereinbefore referred to as Exhibits A and B, respectively, constitute one complete agreement between said parties with reference to the construction of a system of good roads in Eastland county, Tex.' "

Writ of error was granted in this case by the Supreme Court, with the following notation: "Granted because we are not satisfied to permit the judgment of the Court of Civil Appeals to become final without further examination, although we are inclined to believe that court has reached a correct conclusion."

After a careful consideration of the questions determined by the Court of Civil Appeals, we have concluded that the questions presented were properly decided by that court.

We do not deem it necessary to discuss seriatim all of the questions determined by the Court of Civil Appeals. Special Chief Justice Coombes fully discusses the questions necessary to the determination of the case in a well-considered opinion, and we shall therefore content ourselves with a discussion of the plea of abatement, which both parties have so forcibly urged in the oral argument before us.

█ It is admitted by plaintiff in error that the original and supplemental contract sued on in each case constitutes one complete contract for the construction of an elaborate road system for Eastland county. While the contract is single, inasmuch as it consists of several distinct and separable items, and the price to be paid has been apportioned by the parties to each item thus to be performed, the same is separable. Smith v. Crosby, 47 Tex. 128; Perkins v. Hart, 11 Wheat, 237, 6 L. Ed. 463; Hutchens v. Sutherland, 22 Nev. 363, 40 P. 409; State ex rel. Powning v. Jones, 21 Nev. 511, 34 P. 450; More v. Bonnet, 40 Cal. 251, 6 Am. Rep. 621; Clark v. Baker, 5 Metc. (Mass.) 452; Lucesco Oil Co. v. Brewer, 66 Pa. 351; Terry v. Beatrice Starch Co., 43 Neb. 866, 62 N. W. 255; West Republic Min. Co. v. Jones, 108 Pa. 55; Coleman v. New Orleans Ins. Co., 49 Ohio St. 310, 31 N. E. 279, 16 L. R. A. 177, 34 Am. St. Rep. 565.

██ Counsel for plaintiff in error urge the proposition that, under this character of contract, successive suits may be filed as each breach occurs. This principle seems to be well established by the authorities everywhere. With almost equal unanimity, however, the courts have refused to extend the rule so as to permit the filing of successive suits *after all defaults under the contract have occurred.*

The leading text-writers uniformly announce the rule that, where numerous defaults have occurred, under a single contract, although separable and divisible, a party bringing suit for breach thereof must include all defaults that have occurred at the time of the bringing of the suit.

In Freeman on Judgments, vol. 2 (5th Ed.) § 603, the rule is stated as follows: "Where the action is upon a contract, it merges all amounts due under or arising out of the contract prior to the suit. *They constitute a single indivisible demand.*"

Again, in section 602, the same author says: "Generally, however; if several breaches have occurred at the time an action is brought, they constitute a single claim and *must all be included* or they will be barred."

A similar rule is laid down in Black on Judgments, § 735, wherein it is said: "As a general rule, one single contract or agreement gives rise to one single cause of action and no more. And, where an action is brought on a contract *all claims arising under the same and then due constitute an entire and indivisible cause of action* and a judgment therein is a bar to any further action founded on such claim. So, where there are breaches of several covenants contained in an instrument, and a suit is brought for damages for some of the breaches, and subsequently a second suit is brought for damages claimed under other breaches, all of said causes of action being in existence at the beginning of the first suit, the first action may be used as a defense against the second."

In Williston on Contracts, vol. 3, § 1292, this rule is recognized by the author, who says: "Sometimes, however, a contract may provide for more than one performance by a promissor. In such a case, it seems the non-performance of each thing promised is a separate breach of the contract rendering the promissor liable, and an action upon a breach of one promise will not necessarily involve an inability to sue subsequently on later breaches of the same contract, for the causes of action are different. If more than one breach of the same contract has occurred, however, the injured party *must join in any action brought all breaches which have theretofore taken place,* since the bringing of separate actions for each breach is unnecessarily vexatious to the defendant without giving the plaintiff any advantage."

Corpus Juris announces the same view, vol. 1, p. 1112, wherein it is said: "The decided weight of authority is to the effect that if an action is not brought until more than one breach of the same contract or until more than one claim or installment is due thereunder, *all such breaches or claims or installments constitute but one cause of action, and must be included in one action,* the theory being that while the different breaches or installments give rise to separate caus-

es of action as they occur or become due, yet all which occur or become due before the action is brought are merged or consolidated into a single cause of action."

The rule announced by these text-writers is based upon a sound public policy, and seems to be supported by the overwhelming weight of authority. Dixon v. Watson, 52 Tex. Civ. App. 412, 115 S. W. 100; Mallory v. Dawson Cotton Oil Co., 32 Tex. Civ. App. 294, 74 S. W. 953; Craig v. Broocks, 60 Tex. Civ. App. 83, 127 S. W. 572; Farthing Lumber Co. v. Galveston, H. & S. A. R. Co. (Tex. Civ. App.) 178 S. W. 725; Lessler v. Unger (Sup.) 186 N. Y. S. 825; Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663; Hill v. Joy, 149 Pa. 243, 24 A. 293; Whitaker v. Hawley, 30 Kan. 317, 1 P. 508; State, to Use of De Haven v. Davis, 35 Mo. 406; Fisk v. Tank, 12 Wis. 276, 78 Am. Dec. 737; Union R. & T. Co. v. Traube, 59 Mo. 355; Nickerson v. Rockwell, 90 Ill. 460; Casselberry v. Forquer, 27 Ill. 170; Avery v. Fitch, 4 Conn. 362; Reformed Dutch Church v. Brown, 54 Barb. (N. Y.) 191; Pinney v. Barnes, 17 Conn. 420; Cohen v. Clark, 44 Mont. 151, 119 P. 775; Nelson v. Henrichsen, 31 Utah, 191, 87 P. 267; Goldberg v. Eastern Brewing Co., 136 App. Div. 692, 121 N. Y. S. 465; Secor v. Sturgis, 16 N. Y. 558; Burritt v. Belfy, 47 Conn. 323, 36 Am. Rep. 79; Hallack v. Gagnon, 4 Colo. App. 360, 36 P. 70; Williams-Abbott Electric Co. v. Model Electric Co., 134 Iowa, 665, 112 N. W. 181, 13 L. R. A. (N. S.) 529; Bendernagle v. Cocks, 19 Wend. (N. Y.) 207, 32 Am. Dec. 448; Freeman on Judgments, vol. 2 (5th Ed.) §§ 602 and 603; Black on Judgments, § 735; Corpus Juris, vol. 1, p. 1112; 1st Ency. Plead. and Prac. p. 153.

The reason for the rule lies in the necessity for preventing vexatious and oppressive litigation, and its purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice.

If plaintiff in error's contention be sound, a separate suit might be maintained by it on every default of the road-building contract, when there might be several hundred defaults under this character of contract. The application of such a rule would not result in any substantial benefit to the plaintiff, but the same would work a serious inconvenience and hardship upon the defendants.

The injustice of applying such a rule is made manifest by the record in this case. If the plaintiff in error had filed a separate suit for each separate breach of the contract after all breaches had occurred, the defendants in error would have been required to have produced all of the voluminous testimony affecting the question of settlement between the county and the contractor upon the trial of each separate case, when no earthly reason exists why one trial of this issue should not be sufficient.

No good purpose could be subserved by permitting a party, where several breaches of a single contract have occurred, to divide the cause of action thus accrued into numerous suits. The only purpose such a policy would accomplish would be to vex and harass the defendants, and cause them to be liable for a large amount of unnecessary costs, trouble, and expense. No sound reason has been advanced why a plaintiff should not be required to include in one suit all breaches of a single contract which have matured at the time he files his suit. Of course, there might be instances in which a party would be excused from doing so by making a proper showing to the effect that other breaches of the contract were not known at the time of bringing the suit. In this case, however, all of the defaults set up in this suit had admittedly occurred when the former suit was filed, and no reason whatever is assigned to excuse plaintiff in error's failure to include such defaults in the first suit.

Inasmuch as all of the breaches of the road-building contract had occurred prior to the bringing of the first suit, the same were merged into an indivisible cause of action, hence a final judgment in the first suit would have been a good plea in bar to the prosecution of this suit. This being true, a plea in this case, setting up the pendency of the former suit, constituted a good plea in abatement.

■ It is also urged that, as there are different parties to the second suit, a judgment in the first would not be res adjudicata in the second. Ordinarily, this would be true, but there is a well-defined exception to the rule thus invoked to the effect that a plea of res adjudicata, based upon the result of a former suit, is available to one, though not a party to that suit, who rests under a secondary or derivative liability which must have been considered and determined in the former litigation. McFaddin, Wiess & Kyle Land Co. v. Texas Rice Land Co. (Tex. Civ. App.) 253 S. W. 916; Sonnentheil v. Moody (Tex. Civ. App.) 56 S. W. 1001; Bigelow v. Old Dominion Co., 225 U. S. 128, 32 S. Ct. 641, 56 L. Ed. 1021, Ann. Cas. 1913E, 875; New Orleans Ry. Co. v. Jopes, 142 U. S. 18, 12 S. Ct. 109, 35 L. Ed. 919; Betor v. Albany, 193 App. Div. 349, 184 N. Y. S. 44; Hill v. Bain, 15 R. I. 75, 23 A. 44, 2 Am. St. Rep. 873; Portland Gold Mining Co. v. Stratton's Independence (C. C. A.) 158 F. 63, 16 L. R. A. (N. S.) 677.

■ It appears that the liability of the parties in the second suit, who were not joined in the first, is dependent upon Davisson's primary liability, and a finding, that Davisson had not breached his contract with the county, would have acquitted all of the other defendants of any liability to the county. Under such circumstances, the difference in parties in the second suit would not operate to prevent the judgment in the former case

being availed of as a plea in bar to the second suit.

It is strenuously insisted that the action of the Court of Civil Appeals on the plea in abatement is in conflict with the principle laid down by our Supreme Court in Jones & Co. v. Gammel-Statesman Publishing Co., 100 Tex. 320, 99 S. W. 701, 8 L. R. A. (N. S.) 1197. It appears that case involved a contract which was separable, and that the plaintiff instituted a suit because of a breach thereof. After the institution of the suit, another breach occurred. The case was tried without the plaintiffs filing an amendment to include the subsequent breach. Under that state of facts it was held that plaintiff was not barred from recovering upon a breach occurring subsequent to the filing of the first suit. The decision in that case in no way militates against the doctrine we have announced. In fact, Justice Brown tacitly recognizes the rule that it is the duty of a plaintiff to include all breaches of a single contract which have occurred at the time suit is brought. The court merely refused to extend the rule so as to require a plaintiff, who has included the only breach of the contract at the time the suit was brought, to amend his petition and include breaches occurring subsequent to the filing of the suit. For the reason given, we think that case is clearly distinguishable from the instant case.

We deem it unnecessary to review the other questions discussed by the Court of Civil Appeals, except to say that we think the questions therein decided were properly determined.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.