TURNER et al. v. GLADYS BELLE OIL CO.

Circuit Court of Appeals, Fifth Circuit. January 3, 1930.

No. 5623.

J. B. Dibrell, Jr., of Coleman, Tex. (Dibrell & Starnes, J. B. Dibrell, Jr., and Roy W. Starnes, all of Coleman, Tex., on the brief), for appellants.

E. M. Critz, of Coleman, Tex. (E. M. Critz and Critz & Woodward, all of Coleman, Tex., on the brief), for appellee.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. In September, 1918, the owners of seven oil and gas leases covering tracts of land in Texas entered into a contract with A. F. Vandersill, trustee, whereby such owners, who were referred to in the contract as first parties, as-

signed those leases to said Vandersill, trustee, who was referred to in the contract as second party. One of those leases was referred to in that contract as the Russell lease, another was referred to as the Fuller lease, and another as the Campbell lease. That contract contained the following provision:

"It is expressly understood and agreed, however, that if the second party should desire after completing said well on the Garrett tract and drilling one well on the Russell and one on the Campbell and one on the Fuller at any time in the future to surrender any of said leases or not to prosecute development thereon, that he will reassign said lease or leases which he does not desire to further develop to the first parties or to such of them as he shall have received the same from by this assignment, their heirs, executors, administrators, successors, or assigns, not less than ninety days before such lease or leases will expire, according to their terms and conditions to the end that the first parties or such of them as may desire may have the opportunity to protect and save the life of such lease or leases."

Before the institution of this suit, appellants acquired all the rights and interest under that contract of the assignors therein, and appellee acquired all the lease rights, titles, and interest in the Russell, Fuller, and Campbell leases, and succeeded to the obligations of the assignee in that contract. In May, 1928, this suit was brought by the appellants against the appellee. Appellants' original petition claimed damages for the alleged breach of the above set out provision of said contract by appellee permitting the Fuller lease to terminate by intentionally abandoning the same and without having complied with the requirement of that provision. By an amended petition, appellants claimed damages for the alleged breach of that provision by the appellee, without having complied with the requirement of the above set out provision, permitting the Fuller and Campbell leases each to terminate by intentionally abandoning the same some time in the year 1927; the exact date of such abandonment not being known to appellants. By pleadings, the appellee put in issue the allegations of the amended petition, and set up that all the matters in controversy in this suit are res adjudicata between appellants and appellee by reason of judgments rendered prior to the institution of this suit in two cases, in each of which the appellants were plaintiffs and the appellee was the defendant. One of those suits was instituted by appellants against appellee on February 24, 1927, for an alleged breach of the above set out provision of said contract by appellee, without having complied with the requirement of that provision, permitting the Russell lease to terminate by intentionally abandoning the same. Judgment in favor of the appellants was rendered in that suit, and that judgment has been paid. The court directed a verdict in favor of appellee.

The instant suit is based upon alleged breaches of the same contract, for a breach of which the last above mentioned suit was instituted by appellants against appellee. If the breaches alleged in the instant suit had occurred at the time the previously instituted suit was begun, the claims asserted in the instant suit could have been asserted in such former suit. A judgment in a suit for breach of a contract is a bar to another action by the same plaintiff against the same defendant for a breach or breaches of the same contract which had occurred at the time the former suit was commenced, as the party bringing the later suit had an opportunity to litigate the same matters in the former suit, and the bringing of more than one action for breaches, redress for which could have been sought in the action first brought, is unnecessarily vexatious to the party charged with liability therefor. Eastland County v. Davisson (Tex. Com. App.) 13 S.W.(2d) 673; 1 Corpus Juris, 1112; 3 Williston on Contracts, § 1292; 2 Freeman on Judgments (5th Ed.) § 603. The evidence so conclusively showed that, long prior to the date of the bringing of the suit for a breach, with reference to the Russell lease, of the above set out provision of the contract, the Fuller and Campbell leases had been terminated, by the appellee intentionally abandoning them, that it would have been the duty of the court to set aside a verdict which involved a finding that the Fuller and Campbell leases had not then terminated. There was no evidence tending to prove that those leases were in force as late as the year 1927.

There is no merit in the contention that appellee was estopped to set up the defense under consideration. There was no evidence tending to prove that the appellants, in failing to assert in the former suit the claims asserted in the instant suit, were influenced by any act or omission of the appellee.

We conclude that the defense based on the judgment in the above-mentioned suit, commenced in February, 1927, was sustained by the evidence, and that the court did not err in directing a verdict in favor of the appellee.

The judgment is affirmed.